Menz, Respondent, vs. Beebe and another, Appellants.

*February 6 — February 23, 1897.*

*Actions by feeble-minded persons: Guardian ad litem: Joinder of causes of action.*

1. At common law, and in the absence of any statute to the contrary, a person who is weak, feeble-minded, and not of sufficient mental capacity to attend to ordinary business transactions and preserve his property rights, may sue in his own name, without a guardian *ad litem*, to set aside an exchange of property fraudulently pro-

cured from him by the defendant. The mere fact that he, in his complaint, acknowledges himself to be so, does not preclude his suing in his own name, nor is there anything in secs. 2615, 2616, R. S., or secs. 3976–3982, S. & B. Ann. Stats., providing for the appointment of guardians *ad litem* for insane or mentally incompetent persons, to prevent him from doing so.

2. A complaint, in an action to rescind an exchange of lands, which alleges that one of the defendants fraudulently induced the plaintiff to exchange lands in Wisconsin for lands in Tennessee, by taking advantage of his mental incapacity and by making false representations as to the quality of the Tennessee lands and the state of the title, and that said defendant had contracted to convey the Wisconsin lands received by him in exchange to the other defendant, who takes them with knowledge of the facts, and that the latter defendant threatens to sell or incumber the lands so as to prevent the plaintiff from collecting any judgment he may obtain, and prays for a rescission of the trade, a reconveyance of the Wisconsin lands, an injunction against any disposition or incumbering of those lands by the defendants, their attorneys, etc., and for damages,— does not misjoin causes of action, but states only one cause.

APPEALS from orders of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

The complaint alleges, in effect, that October 5, 1893, the plaintiff was the owner in fee of a farm of 120 acres, described, in Sun Prairie, and certain parts of lots in the village of Marshall, and certain personal property of the value of about $1,400; that at the same time the defendant *Beebe* claimed to be the owner in fee of two tracts of land, described, in Tennessee, containing together 320 acres; that October 5, 1893, the plaintiff was, and still is, of a weak and feeble mind, and not of sufficient mental capacity to attend to ordinary business transactions, or to protect and preserve his property rights; that *Beebe* knew of such incapacity and inexperience in business matters, and that he could be easily imposed upon; that *Beebe* was then a practicing physician in Marshall, with a large practice, and well experienced in conducting business affairs, and had gained the confidence of

the plaintiff, who was disposed to rely, and did greatly rely, upon his counsel, advice, direction, and suggestions; that *Beebe*, taking advantage of the plaintiff's weak and feeble mental condition and of his confidence in him, for the purpose of wrongfully and fraudulently obtaining from the plaintiff title to his said real and personal property, solicited and exchanged the plaintiff's said farm and real and personal property for said 320 acres of land in Tennessee; that on said day *Beebe* did falsely and fraudulently represent to the plaintiff that the said land in Tennessee was first-rate, heavily timbered land, covered with a growth of the best kind of timber, and was worth at the least $15 per acre; that like lands could not be bought for any less; that *Beebe* had a complete title to said land in fee simple,— when in truth and in fact *Beebe* well knew that such representations were wholly and entirely false, and that said Tennessee land was a poor grade of land, with a light growth of timber thereon, and was not worth to exceed $2 per acre, as *Beebe* then well knew; that like land could be bought at a price not exceeding $2 per acre; that *Beebe* did not have good and complete title to said land in fee simple, as he well knew; that the title to thirty-three acres thereof was not in *Beebe*, and had wholly failed, and the plaintiff's possession thereof defeated; that the title to 120 other acres thereof is claimed by another party, and is now in litigation; that the plaintiff relied upon such false and fraudulent representations of *Beebe*, and believed the same to be true, and was thereby induced to convey, deed, and transfer all of his said real and personal property to *Beebe*, October 5, 1893; that such conveyance was by a warranty deed, duly recorded October 5, 1893; that *Beebe's* deed to the plaintiff was defective, in that it was not properly acknowledged by his wife, as required by the laws of Tennessee; that the plaintiff has offered to reconvey to *Beebe* the Tennessee lands, and has duly demanded of *Beebe* a rescission of the trade, and a reconveyance to

him of all the property which *Beebe* so got from him, but which *Beebe* has refused; that the value of the real estate so conveyed to *Beebe* is $6,000, and the value of the personal property so transferred to him was then $1,400; that the value of the Tennessee lands was and is not to exceed $640; that the plaintiff has been damaged by reason of the premises to the amount of over $6,000; that the plaintiff now brings into court a deed duly executed by him, conveying back to *Beebe* the Tennessee lands, and tenders the same to *Beebe* upon his reconveying to the plaintiff the lands received by him from the plaintiff, and his paying to the plaintiff the amount of damages he has suffered; that *Beebe* sold the lands so conveyed to him by the plaintiff to the defendant *Bohn*, October 8, 1894, by a land contract recorded January 10, 1896, for $6,000, of which $500 was to be paid down, and the balance within fifteen years, with six per cent. interest, which land contract *Bohn* took from *Beebe* with notice of all the facts stated; that *Beebe* threatens to sell, incumber, or dispose of the lands so conveyed to him, and 190 acres of other lands, near Madison, with the intent and purpose of preventing the plaintiff from collecting any judgment he may obtain in this action, and will, unless enjoined from so doing; that the defendant *Bohn* threatens to sell, assign, or dispose of his interest in the farm with a like intent and purpose, unless enjoined from so doing; and prays a rescission of the trade, etc., accordingly.

To that complaint each of the defendants separately demurred on the grounds, in effect: (1) That the court has no jurisdiction of the person of the defendant or the subject of the action; (2) that the plaintiff has not legal capacity to sue, by reason of his being weak, feeble-minded, and incompetent, as mentioned, and so can only sue by a guardian *ad litem* duly appointed; (3) that there is another action pending between the same parties for the same cause; (4) that there is a defect of parties plaintiff, by reason of his being

weak, feeble-minded, and incompetent, as mentioned, and can only sue by a guardian *ad litem* duly appointed; (5) that several causes of action have been improperly united; (6) that the complaint does not state facts sufficient to constitute a cause of action against him. From the respective orders overruling such demurrers the defendants each separately brings his appeal.

For the appellants there was a brief by *G. S. Martin* and *Bushnell, Rogers & Hall,* and oral argument by *A. R. Bushnell.* They contended, *inter alia,* that the plaintiff had no legal capacity to sue in his own name, but must, under secs. 2613–2615, R. S., and Circuit Court Rule IX, secs. 1–3, sue by guardian *ad litem.* 1 Wait, Prac. 486; *Dutcher v. Dutcher,* 39 Wis. 651, 661; *Freyberg v. Pelerin,* 24 How. Pr. 202; *Parks v. Parks,* 19 Abb. Pr. 161. The complaint must allege the due appointment of such a guardian. *Crawford v. Neal,* 56 Cal. 321; *Brooke v. Clark,* 57 Tex. 105; *Grantman v. Thrall,* 44 Barb. 173. A cause of action in equity is improperly joined with one at law.

For the respondent there was a brief by *G. W. & H. S. Bird,* and oral argument by *G. W. Bird.*

CASSODAY, C. J. The mere fact that the complaint states that at the times mentioned the plaintiff was "of a weak and feeble mind, and not of sufficient mental capacity to attend to ordinary business transactions, or to protect and preserve his property rights," did not prevent him from commencing and maintaining this action. "Every action *must* be prosecuted in the name of the real party in interest, *except as otherwise provided* in sec. 2607," R. S. R. S. sec. 2605. The section thus referred to provides that "An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted." R. S. sec. 2607. "When an infant is a party, he must ap-

Menz vs. Beebe and another.

pear by guardian." R. S. sec. 2613. Sec. 2614, R. S., prescribes how such guardian for an infant shall be appointed. Where an insane defendant is without a guardian, "the court, or a judge thereof, shall appoint a guardian of him for the action." R. S. sec. 2615. The same section provides that "If, during the pendency of any action, either party shall become or prove to be insane, the action may be prosecuted or defended by his guardian, in like manner as if it had been commenced after the appointment of the guardian, or the court, or judge, may appoint a guardian for the action as the case may require." "Such guardian for the action may be appointed upon the application of any party thereto, or of any relative or friend of such insane party," etc. R. S. sec. 2616. It is stated in the brief of counsel for the plaintiff that "these are the only statutes of this state requiring parties to appear in the circuit court by guardian *ad litem*," and counsel for the defendants fails to cite any other statute, and we find none. True, as conceded by counsel for the plaintiff, there are other statutes providing for the appointment by the county court, under certain circumstances, of guardians of insane persons, and of persons mentally incompetent to have the care and management of their own property, and drunkards or spendthrifts. S. & B. Ann. Stats. secs. 3976–3982. But none of these statutes preclude the plaintiff from commencing and maintaining this action upon the facts stated. Nor is there anything in Rule IX of the circuit court, cited by counsel, which prevents him from doing so. Since there is no statute requiring this action, upon the facts stated, to be commenced by guardian, there seems to be no reason why the plaintiff should not appear by his attorneys, and prosecute the action in the name of himself, as the real party in interest. R. S. sec. 2605. Of course, if the plaintiff becomes or proves to be insane, then, under a statute cited, "the court or judge may appoint a guardian for the action, as the case may require." R. S.

sec. 2615. The trial court may be relied upon to protect the rights of all parties, and appoint a guardian whenever it is necessary. Besides, the authorities cited by counsel for the plaintiff are to the effect that at common law, and in the absence of a statute to the contrary, a weak and feeble-minded person of full age may bring an action in his own name, and appear by attorney, and not by guardian *ad litem*. *Faulkner v. McClure*, 18 Johns. 134; *Petrie v. Shoemaker*, 24 Wend. 85; *Cameron's Com. v. Pottinger*, 3 Bibb, 11; *Reed v. Wilson*, 13 Mo. 28; *Green v. Kornegay*, 4 Jones, Law (N. C.), 66; *Chicago & St. P. R. Co. v. Munger*, 78 Ill. 300. We are cited to no other authorities to the contrary. The objections that the plaintiff has not the legal capacity to sue, and that there is a defect of parties plaintiff, are not well taken.

It is equally clear that several causes of action are not improperly united. There is but a single cause of action stated, and that is to rescind the trade, and to restore to the plaintiff, as far as possible, the property wrongfully taken from him, and to give him damage so far as he has wrongfully been deprived of his rights. The complaint states a good cause of action.

*By the Court.*— Both orders of the circuit court are affirmed.