WIESMANN, Appellant, vs. DONALD, Executor, Respondent.

*September 13—October 3, 1905.*

*Appeal and error: Bill of exceptions: Findings of fact, when reviewed: Insane plaintiff: Right to maintain action: Guardians ad litem: Duty of court: Judgment on pleadings: Amendment of pleadings: Terms.*

1. The absence of any bill of exceptions informing the supreme court what evidence was presented to the trial court precludes the former court from reviewing questions of fact.

2. No obstacle exists, either by common law or under the Wisconsin statutes, to the maintenance of an action by an incompetent person, and it is therefore error to dismiss an action on the ground that the plaintiff is insane.

3. The proper course for courts to pursue when it becomes apparent that a plaintiff, by reason of his insanity, cannot safely protect his rights in the litigation, is to appoint a guardian *ad litem*, under the authority of sec. 2615, Stats. 1898, and direct the case to proceed; not to dismiss the case and deny all hearing.

4. When it appeared that an action was at issue by the service of an answer containing no word of denial of any of the allegations

of the complaint, but alleging the insanity of the plaintiff; that the action had been duly noticed for trial, and that the plaintiff had moved for judgment upon that answer, it was the duty of the court to render judgment accordingly, subject, under its discretionary power, to allowing defendant to plead to the merits if he could show sufficient excuse for his neglect so to do, and upon terms such as would compensate plaintiff for the delay and the repetition in his preparation for trial.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Reversed.*

Action brought in March, 1903, upon a money demand for professional services rendered by plaintiff to defendant. Defendant served answer, merely alleging that the plaintiff was adjudged to be insane by the county court in November, 1901, and that said plaintiff, at the time of the commencement of the suit and of the answer, was insane and incompetent to institute or maintain the action, and had no general guardian, nor any guardian *ad litem* appointed for the action. Plaintiff moved to strike out the answer as frivolous, irrelevant, redundant, and scandalous, and for judgment according to the demand of the complaint, which motion was denied April 17, 1903, and exception duly reserved. Whereupon the action was noticed for trial, and, despite the protest of the plaintiff against the trial of his sanity, that question seems to have been tried on evidence of some sort, including a certified copy of the order of the county judge adjudging said plaintiff insane and ordering that he be committed to the Northern Hospital. No bill of exceptions was served. Thereupon the court entered an order reciting that the issue had been tried and a decision in writing filed, which does not appear in the record, and ordering judgment dismissing the plaintiff's complaint. Whereupon judgment to that effect was entered, from which the plaintiff appeals.

*Henry Wiesmann,* for the appellant.

For the respondent the cause was submitted on the brief of *Waller & Gittings.*

DODGE, J.  The absence of any bill of exceptions inform-
ing us what evidence was presented to the trial court pre-
cludes us from reviewing the question of plaintiff's sanity as
a fact, and from considering the validity of the county judge's
order, earnestly argued by him.  By reason of this omission
the case must be considered as if his insanity had been fully
proved.

The drastic action of the trial court in dismissing plaint-
iff's complaint upon a fully admitted cause of action because
of his mental incompetency, thereby, for the time at least,
relieving the defendant from payment of money which he,
by not denying, admitted he owed to the plaintiff, seems to
be in complete negation of the duty owed by all courts to pro-
tect and care for the rights of the mentally incompetent.  We
are given very little aid, either by the record or by the re-
spondent's brief, in ascertaining the reasons which led to such
action.  The respondent informs us, without citation of au-
thority, that "the principle that an insane person cannot ap-
pear as plaintiff and prosecute a case in his own behalf is
elementary."  Perhaps he told the circuit court the same
thing, and that court believed him.  This proposition has,
however, been directly negatived by this court in *Menz v.
Beebe,* 95 Wis. 383, 70 N. W. 468, where it was held that
no obstacle exists, either by common law or under our stat-
ute, to the maintenance of an action by an incompetent per-
son.  Among the supporting authorities cited in that case was
*Chicago & P. R. Co. v. Munger,* 78 Ill. 300, where it is
pertinently said:

"The note was due and unpaid, and *somebody* was entitled
to sue upon it and enforce its collection.  If appellee [the in-
competent] was not, who was?"

Again, in *Rankin v. Warner,* 2 Lea (Tenn.) 302, it is said:

"The law mainly designs to protect the weak and depend-
ent, and if the courts, seeing a suitor has rights or property
entitled to their consideration and judgment, turn him out

because no one will or does assume the role of guardian or next friend for him, they will certainly be guilty of a strange perversion of the object of their creation."

The common-law right of a lunatic to maintain a suit was declared as long ago as Lord Coke's time, in *Beverley's Case,* 2 Coke's Rep. pt. 4, 568. And the distinction in this respect between an incompetent and an infant has always been recognized (1 Freem. Judgm. § 152), and is fully preserved in our own statutes, which provide (sec. 2613, Stats. 1898) that an infant must appear by guardian, but omit any such requirement with reference to the insane plaintiff. The rule in *Menz v. Beebe* is supported not only by the authorities there cited, but also by *Allen v. Ranson,* 44 Mo. 263; *Rankin v. Warner, supra; Amos v. Taylor,* 2 Brev. (S. C.) 20; *Stigers v. Brent,* 50 Md. 214; *Looby v. Redmond,* 66 Conn. 444, 34 Atl. 102; *Skinner v. Tibbitts,* 13 Civ. Proc. R. (N. Y.) 370.

Our statutes evince a policy to confer upon courts full power to protect the interests of insane persons who are in court without the protection of their guardians, by authorizing that in any case when a party shall appear to be insane the court or judge may appoint a guardian for the action, as the case may require, and by requiring that, in case of a defendant, he shall be protected by a guardian. Sec. 2615, Stats. 1898. The proper course for courts to pursue when it becomes apparent that a plaintiff, by reason of his insanity, cannot safely protect his rights in the litigation, is illustrated by *Wiesmann v. Daniels,* 114 Wis. 240, 90 N. W. 162, where, upon suggestion of such a situation, this court, instead of dismissing the case and denying all hearing to the unfortunate, appointed a guardian *ad litem* and directed the case to proceed. For the reasons above stated it is obvious that the circuit court erred, to the grievous prejudice of the plaintiff, in dismissing this action, and that the judgment to that effect must be reversed. Since, however, the action was at issue

by the filing of what the defendant had denominated his answer, had been duly noticed for trial, and the plaintiff moved for judgment upon that answer, no reason is apparent for refusing him such relief. The answer contained no word of denial of any of the allegations of the complaint, and it was the duty of the court in that situation to render judgment accordingly, subject to its discretionary power to allow defendant to plead to the merits if he could show sufficient excuse for his neglect to do so, and upon terms such as would compensate the plaintiff for the delay and the repetition for his preparation for trial. We have determined to leave that situation still open, so that such discretion may still be exercised, although upon the record as it now stands plaintiff would be entitled to judgment for the amount demanded in his complaint.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.