[No. 31230. Department One. March 2, 1950.]

Margaret Potter, *Respondent*, v. Herbert B. Potter, *Appellant*.[1]

*Congdon, Clemans & Kasperson*, for appellant.

*Jacob Kalina, Anthony Savage,* and *H. Sylvester Garvin*, for respondent.

Schwellenbach, J.—This is an appeal from an interlocutory order of divorce, granted to plaintiff, awarding to her custody of the minor child of the parties, and also awarding certain real property to her.

There is no question but that the trial court was justified in granting the interlocutory order to the wife, and also in awarding the custody of the child to her. We are concerned with the award to her of what was referred to in the testimony as the Tukwila property (found to belong to the husband), and which was described in the order as:

"Lots One (1), Two (2), Three (3) and Ten (10), Block Thirteen (13), Hillman's Seattle Garden Tracts, King County, Washington, including certain furniture and furnishings therein."

This property originally belonged to the defendant's mother, Mrs. Mary Potter. On October 6, 1941, she, with the

[1] Reported in 215 P. (2d) 704.

defendant, appeared at the office of Mr. Clemans, her attorney, and executed a quitclaim deed of the property to the defendant. Mr. Clemans, who stated that he appeared in a dual capacity, representing both the defendant and the mother (although he did not wish to intervene in the action on her behalf), testified as follows: that she instructed him to keep the deed, but that if anything happened to her or if Herbert actually needed it to help transact the business, it was to be made available to him; that he was to take care of it for her during her lifetime, and afterwards, for himself and his sisters. Mr. Clemans further testified that, in 1945, when he was overseas in the navy, he received a request to release the deed and ordered it released to the defendant. There can be no question as to the right of Mr. Clemans to testify, or of the duty of the trial court to consider his testimony. *Levas v. Dewey,* 33 Wn. (2d) 232, 241, 213 P. (2d) 933.

On July 20, 1943, Mrs. Potter, as lessor, signed a lease of part of this property to people named Berko.

On October 28, 1944, the defendant signed a complaint in the superior court for King county, alleging that his mother was insane. On November 2, 1944, after a hearing, she was found to be insane and was ordered committed to the Western State Hospital, where she was confined at the time of the present trial. At the insanity hearing, the court found that her estate owned no property. Herbert was later appointed her guardian.

On May 26, 1945, the deed of October 6, 1941, was filed for record. On June 4, 1945, Herbert Potter and Margaret B. Potter, his wife, mortgaged this property to the Seattle Federal Savings and Loan Association for $4,500. It appears that an action has been commenced to foreclose the mortgage, on which a balance remains unpaid of $3,230. The defendants in the foreclosure action are Herbert B. and Margaret Potter, Mary Potter, an incompetent, and the state of Washington.

■ We feel that it was improper for the trial court to find that this property belonged to the son without the in-

sane mother being represented. It is true that her attorney was present in court, but there was no intervention in her behalf by anyone. In view of the fact that a court of the state found her to be insane and ordered her to be confined, it became the duty of the trial court to protect the interests of her estate, when it became apparent that she might own the property in question.

The cause is remanded with directions to appoint, if necessary, a guardian *ad litem* to represent the mother, and, after hearing, determine to whom this property belongs. If any other interested party or parties wish to intervene in the action, they should be permitted to do so. If, upon retrial, the court should determine that the property belongs to the son, Herbert Potter, the interlocutory order appealed from will stand affirmed. If it should be determined that the property belongs to his mother, Mrs. Mary Potter, the court will make a proper disposition of the remaining property to the parties.

SIMPSON, C. J., BEALS, GRADY, and DONWORTH, JJ., concur.

---

. April 5, 1950. Petition for rehearing denied.