[No. 36409.    Department Two.    June 14, 1962.]

*In the Matter of the Welfare of* STEVEN DOUGLAS DILL *et al.*

FRANCIS H. DILL, *Relator,* v. THE SUPERIOR COURT FOR KING COUNTY, *Robert F. Utter, Judge Pro Tempore, Respondent.**

*Thomas J. Isaac,* for relator.

*Charles O. Carroll* and *Carolyn Reaber Dimmick,* for respondent.

*Patricia J. Mucklestone,* amicus curiae.

OTT, J.—Shirley and Francis Dill are the parents of Jennie Shirley Dill, born September 17, 1957, and Steven Douglas Dill, born November 23, 1960.

*Reported in 372 P. (2d) 541.

December 12, 1960, a petition was filed in the Superior Court for King County alleging that Jennie and Steven Dill were dependent children, for the reason that their mother was currently in the hospital and their father could not care for them, and that there were no known relatives. Upon the filing of the petition, the judge of the juvenile court ordered the children into the temporary custody of the director of the Department of Public Assistance, in lieu of detention. March 22, 1961, the children were declared to be dependent, and wards of the court. The Department of Public Assistance was ordered to arrange for foster home care until further order of the court. Francis Dill was ordered to pay $50 a month commencing at such date as the court should subsequently direct.

December 15, 1960, Shirley Dill was found to be mentally ill, and was committed to the Western State Hospital. July 5, 1961, she was granted a terminal leave from the hospital. October 3, 1961, Francis and Shirley Dill petitioned the court to terminate the dependency, alleging that "the basis of the dependency . . . has been removed, so said children should be returned forthwith to petitioners."

October 27, 1961, the Department of Public Assistance petitioned the court for an order of deprivation terminating the parents' rights to the children, alleging that the parents were morally and physically unfit to raise them, and that the children should be made available for adoption.

December 15, 1961, both petitions were heard by the court. The parents appeared in person and with their attorney, and the department was represented by the King County Prosecuting Attorney's office.

The court entered findings of fact that the children had theretofore been declared dependent and were wards of the court, and that the parents were unfit to raise Jennie. It entered an order of deprivation as to her and placed her with the Medina Children's Service for adoption. It ordered that Steven (now eighteen months of age) remain in the foster home until further order of the court.

By this certiorari proceeding, the parents seek a review

of the order depriving them of their parental rights to Jennie.

The parents first contend that the evidence does not merit a finding of parental unfitness. We do not detail the sordid evidence. The record sustains the trial court's factual determination in this regard.

Did the status of Shirley Dill, when she appeared at the hearing without the appointment of a guardian ad litem or a regularly appointed guardian, authorize the court to enter the order of deprivation of her parental rights to Jennie? We answer the query in the negative.

■ December 15, 1960, Shirley Dill was adjudicated to be a mentally ill person. RCW 71.02.650 provides that a person adjudicated as mentally ill suffers legal disability until discharged from the hospital as recovered. The record discloses that Shirley Dill was granted a terminal leave from the hospital. She was not discharged as recovered, nor was there judicial restoration of her civil capacity. She was not represented by a regularly appointed guardian or a guardian ad litem.

RCW 4.08.060 provides in part:

"When an insane person is a party to an action . . . he shall appear by guardian, or if he has no guardian . . . the court shall appoint one to act as guardian ad litem. . . ."

■■ The statute is mandatory. A person under such legal disability can appear in court only by a guardian ad litem or by a regularly appointed guardian. A guardian ad litem has complete statutory power to represent the interests of the ward. *Rupe v. Robison*, 139 Wash. 592, 595, 247 Pac. 954, 47 A. L. R. 565 (1926). See, also, *In re Miller*, 26 Wn. (2d) 202, 173 P. (2d) 538 (1946).

■ The statutory mandate is not satisfied when the person under legal disability is represented by an attorney. *Flaherty v. Flaherty*, 50 Wn. (2d) 393, 312 P. (2d) 205 (1957). The fact of the wife's civil disability was known to her husband and his attorney. It was incumbent upon them to apprise the court of the wife's incapacity. *Flaherty v. Flaherty, supra* [p. 397].

For the reasons stated, the order of deprivation is reversed. Each party will bear his own costs on this appeal. *Flaherty v. Flaherty, supra* [p. 398].

FINLEY, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.