WITHERS, by Guardian *ad litem*, Plaintiff and Appellant, v. TUCKER and another, Defendants: ELECTRONIC EXPEDITORS, INC., and another, Defendants and Respondents.

*October 6—November 1, 1966.*

For the appellant there was a brief and oral argument by *H. R. George* of Milwaukee.

For the respondents there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Kurt H.*

*Frauen* and *Thomas N. Klug* of counsel, all of Milwaukee, and oral argument by *Mr. Frauen* and *Mr. Klug.*

HANLEY, J. The sole issue is whether the trial court committed prejudicial error in refusing to set aside all proceedings in which plaintiff appeared without a guardian *ad litem* occurring prior to plaintiff's claim of mental incompetence.

Sec. 260.22, Stats., is the applicable statute with respect to the necessity of the appointment of the guardian *ad litem* in a court action for personal injuries.

The statute provides as follows:

"260.22 **Appearance by guardian or guardian ad litem.** When a party to an action or proceeding is a minor, or when the court or judge has reason to believe that a party is mentally incompetent to have charge of his affairs, he must appear either by the general guardian of his property or by a guardian ad litem who is an attorney appointed by the court or by a judge thereof. A guardian ad litem shall be appointed in all cases where the minor or incompetent has no general guardian of his property, or where such general guardian fails to appear on his behalf, or where the interest of the minor or incompetent is adverse to that of such general guardian."

The above statute deals with disabilities, minority and mental incompetence and treats them differently with respect to the necessity of a guardian *ad litem.* A minor must always appear by his guardian, while a mental incompetent is not required to have or appear by a guardian until such time as the court is aware of his incapacity.

It has been held that a mental incompetent may commence an action, appearing by his attorney but without a guardian *ad litem. Menz v. Beebe* (1897), 95 Wis. 383, 70 N. W. 468.

It was held in *Wiesmann v. Donald* (1905), 125 Wis. 600, 603, 104 N. W. 916, that no obstacle existed either by common law or under the Wisconsin statutes

to the maintenance of an action by an incompetent person and that the proper course for courts to pursue, when it becomes apparent that a plaintiff by reason of his insanity cannot safely protect his rights in the litigation, is to appoint a guardian *ad litem* under now sec. 260.22, Stats., and direct the case to proceed, not to dismiss the case and deny all hearing.

The trial court had no reason to believe that plaintiff was mentally incompetent until October 11, 1965, and it appointed a guardian *ad litem* on November 11, 1965, so that the motion could be made and heard and because the action is still pending against defendant Tucker.

Counsel for plaintiff bases his appeal entirely on the provisions of sec. 260.22, Stats. The cases relied upon by plaintiff relate to minors and minor settlements. These are inapplicable. A minor does not have legal capacity to contract; and since the age under twenty-one years is definite and factual, a guardian *ad litem* must be appointed, while some persons who may be mentally incompetent to a slight degree are able to do so and a guardian *ad litem* must be appointed if the court or judge has reason to believe that he is so mentally incompetent that he cannot have charge of his affairs.

Sec. 269.43, Stats., provides that the court shall disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.

The defect here claimed does not affect the substantial rights of the plaintiff. His attorney proceeded in the trial of the scope-of-employment issue and in the appeal without raising the question or bringing it to the attention of the court if he were aware of his mental condition. In any event, his attorney did not have him present at the trial. The issue was fully and fairly tried and the jury verdict followed. There is nothing in the affidavits

to show that a new trial on the issue of coverage would come to a different result.

In addition, the mental disability of the plaintiff could in no way be material to the issue of the scope of employment existing between the defendant Tucker and his employer, Electronic Expeditors, Inc. It is difficult to understand what evidence the plaintiff could offer relating to the scope-of-employment issue that the co-defendant Tucker could not put forth on his behalf.

If plaintiff is seeking a new trial on newly discovered evidence, he has not met the prerequisites as set forth in *Estate of Teasdale* (1953), 264 Wis. 1, 58 N. W. (2d) 404, and repeated with approval in *Estate of Eannelli* (1955), 269 Wis. 192, 68 N. W. (2d) 791, where they are restated at page 214:

"(1) The evidence must have come to the knowledge of the party after the trial.

"(2) The party must not have been negligent in seeking to discover it.

"(3) The evidence must be material to the issue.

"(4) The evidence must not be merely cumulative to testimony discovered at the trial.

"(5) It must be reasonably probable that a different result will be reached on a new trial."

Upon the record before the court, including also the opinion of the supreme court upon the appeal, *Withers v. Tucker, supra,* it is not reasonably probable that a different result would be reached on a new trial. Applications for a new trial, as this motion is, in effect, are looked upon with disfavor. *Estate of Eannelli, supra.*

Plaintiff contends that defendants were aware of Withers' mental incompetency and that defendants had the burden of procuring a guardian *ad litem* for him. Appellant cites no authority in support of this proposition. Contrary to appellant's contention, the burden of informing the court of plaintiff's mental disability and

making application for the appointment of a guardian *ad litem* rests with the plaintiff, not the defendant. In so indicating, sec. 260.23 (1) and (2), Stats., recognizes that the plaintiff, his guardian, friends, relatives, and presumably his attorney are in a position far superior to that of defendant's attorneys to have knowledge of the plaintiff's disability.

This was the situation in the present case. Plaintiff's attorney commenced the action on Withers' behalf in 1961. Subsequent to the commencement of this action as outlined in appellant's statement of facts, Withers sought treatment for mental disturbance on several occasions, beginning as early as January, 1962. The trial of the separate issue of coverage was held two years later in February, 1964. Plaintiff's attorney was in a position to know of Withers' claimed mental deficiency during that period of time. The record contains no affidavit to indicate that plaintiff's counsel was not aware of plaintiff's disability during the two-year period of plaintiff's treatment prior to trial or during the appeal and motion for rehearing. On the other hand defendants had no knowledge as to the nature, extent, duration, or effect of any mental difficulty being experienced by Withers prior to October, 1965.

We conclude the order of the trial court denying the appellant's motion to set aside all prior proceedings must be affirmed and that Withers being represented by a guardian *ad litem* be permitted to proceed against the defendants Nealon Harris Tucker and Marjorie J. Tucker.

*By the Court.*—Order affirmed.