[No. 287-2.    Division Two.    April 9, 1971.]

ELLEN FOSTER et al., *Respondents*, v. DOROTHY WILLIAMS
et al., *Appellants*.

*Robert C. Keating* (of *Keating & Douglas*), for appellants.

*David M. Roderick*, for respondents.

PETRIE, C.J.—This appeal poses a single question which may be stated as follows: In a tort action for personal injuries to both the husband and the wife, after it has been unequivocally demonstrated that the husband is incompetent and no guardian ad litem has been appointed for him, is it necessary to dismiss the husband's cause of action upon defendant's motion therefor? Our answer to this question is in the negative.

This case arose as a result of an auto accident in which both Mr. and Mrs. Foster, plaintiffs-respondents, were injured. Mr. Foster sustained injuries so severe that he was unable to write, speak or care for himself, or manifest understanding when addressed. This was testified to by Mrs. Foster. The appellants then moved "that the claim of Edmund J. Foster be dismissed without prejudice" on the

ground that he was clearly incompetent and could not appear in court except through a guardian appointed pursuant to RCW 4.08.060.[1]

Counsel for respondents contended that "there was no reason why Mrs. Foster could not bring the cause on behalf of herself and the community." Nevertheless, he made a motion for the appointment of Mrs. Foster as guardian ad litem for Mr. Foster, which, however, was objected to by counsel for appellants on the ground that the proper procedure for appointment of a guardian ad litem had not been made. The court denied both motions stating:

> Nobody has been or will be prejudiced by either the collection of this case as it stands or by the appointment of Mrs. Foster as her husband's guardian ad litem, and to grant the motion would, I am afraid, be only to authorize justice on the basis that form requires it and I don't think that is really what we are talking about here.

Subsequently, a physician who had treated Mr. Foster, before and after the accident, and the registered nurse then caring for him, both testified as to Mr. Foster's complete lack of understanding and his total inability to care for himself.[2]

---

[1] "When an insane person is a party to an action in the superior courts he shall appear by guardian, or if he has no guardian, or in the opinion of the court the guardian is an improper person, the court shall appoint one to act as guardian ad litem. Said guardian shall be appointed as follows:

"(1) When the insane person is plaintiff, upon the application of a relative or friend of the insane person.

"(2) When the insane person is defendant, upon the application of a relative or friend of such insane person, such application shall be made within thirty days after the service of summons if served in the state of Washington, and if served out of the state or service is made by publication, then such application shall be made within sixty days after the first publication of summons or within sixty days after the service out of the state. If no such application be made within the time above limited, application may be made by any party to the action."

[2] During the pendency of the appeal, Mrs. Foster had been appointed guardian of the person and the estate of Edmund J. Foster. As guardian she had also been substituted for Mr. Foster in this appeal. Mr. Foster subsequently passed away and Mrs. Foster is now proceeding to administer the estate pursuant to provisions of RCW 11.88.150. We are further advised, on oral argument, that Mr. and Mrs. Foster had previously executed a community property agreement.

Appellants then renewed their motion to dismiss on the ground that Mr. Foster was not properly before the court. The court once again denied the motion. The case was submitted to the jury, which returned a verdict in favor of the Fosters. This appeal by the Girouxs followed.

■ The issue presented by this appeal is one to be determined by reference to basic principles of community property law. First, it has long been recognized that the husband is the manager of the community personal property. RCW 26.16.030. Second, any recovery for personal injuries to either or both of the members of the marital community is community personal property, and a legal action to recover must be brought in the name of the husband, who has the management and control of such personal property. If the injuries are sustained by the wife or by the husband and the wife, the wife is a proper but not a necessary party. See *Erhardt v. Havens, Inc.*, 53 Wn.2d 103, 330 P.2d 1010 (1958); *Hawkins v. Front Street Cable Ry.*, 3 Wash. 592, 28 P. 1021 (1892). Clearly, therefore, even though a wife be totally incompetent, only the husband is the necessary party to represent the community.

The husband is ordinarily the statutory agent for the marital community in bringing actions for personal injuries. But, if, after the accident which spawned this tort action, the husband has been reduced to a tragic specimen, totally incompetent to conduct the affairs of the marital community, who can bring this action? The appellants seem to believe that RCW 4.08.060 makes mandatory the appointment of a guardian ad litem for the husband in such a case. Stated most simply, they urge the appointment of a statutory agent for a statutory agent. Assuredly, there are actions for which a guardian ad litem must be appointed for the incompetent or insane husband, *cf., In re Dill*, 60 Wn.2d 148, 372 P.2d 541 (1962); *Flaherty v. Flaherty*, 50 Wn.2d 393, 312 P.2d 205 (1957), but we must agree with the trial court that to adopt appellants' position in this case would be to value form over substance.

The Supreme Court has previously promulgated the

rule that in the serious and prolonged absence of the husband, the wife has inherent power to act on behalf of the community. *Marston v. Rue,*[3] 92 Wash. 129, 159 P. 111 (1916). So, too, when the husband, by reason of total incompetency, is unequivocally unable to carry out the role of statutory agent in matters affecting the community, the wife ought to, and we believe she does, have inherent power to act on behalf of the community in an action to recover damages due the community. In light of the circumstances in the present case, we believe that Mrs. Foster had the authority to bring this tort action on behalf of the marital community for the injuries which she and her husband had sustained. Appellants' concern that a satisfactory release could not be executed, under the facts of this case, is unwarranted. A guardian could easily have been appointed to execute the necessary release and satisfaction of judgment at any time it became necessary to do so. We, therefore, conclude that the court properly denied appellants-defendants' motion to dismiss.

Judgment affirmed.

PEARSON and ARMSTRONG, JJ., concur.
Petition for rehearing denied May 18, 1971.
Review denied by Supreme Court June 9, 1971.

---

[3] At least one writer has referred to this as a rule which recognizes an "emergency power" in the wife. H. Cross, *The Community Property Law in Washington,* 15 La. L. Rev. 640, 642 (1955).