[No. 2396-1.    Division One.    December 2, 1974.]

IRMA KEMPPAINEN, *Appellant*, v. ROY FINCKH *et al.*, *Respondents*.

*Richard L. McKinney,* for appellant.

*Rutherford, Kargianis & Austin, Helen M. Johansen, Russell A. Austin, Jr., Skeel, McKelvy, Henke, Evenson & Betts,* and *Willard E. Skeel,* for respondents.

JAMES, J.—Irma Kemppainen contracted to purchase certain real property in 1953 while married to the respondent, Roy Finckh. In 1954, the contract was allegedly in default and a foreclosure action had been commenced by the vendor. Finckh filed a voluntary petition in bankruptcy listing the purchaser's interest in the contract as a community asset. The referee so found and ordered the sale of the purchaser's interest for the benefit of creditors. Respondent, Samuel Applestone, was the bankruptcy sale purchaser. Finckh was subsequently granted a discharge.

In 1959, Kemppainen brought an action in King County Superior Court to quiet title in the property in herself. After trial to the court, a judgment of dismissal with prejudice was entered from which no appeal was taken. Six months later, Kemppainen was adjudicated an incompetent. In the ensuing years, Kemppainen brought several other unsuccessful suits seeking recovery of the property. In the present action, she seeks a judgment voiding all of the prior superior court judgments. The trial court granted respondents' motion for a summary judgment of dismissal.

We affirm.

Kemppainen initially contends that the first superior court suit was void because the court did not have subject matter jurisdiction. She argues that the bankruptcy court's exclusive jurisdiction over the bankrupt and his property deprived any other court of jurisdiction to determine the issues which were, or could have been, decided in the bankruptcy. Kemppainen's argument ignores the rule that "[o]nce the sale is confirmed and an unconditional

transfer executed, . . . the jurisdiction of the bankruptcy court over the property is generally said to terminate . . ." 4A W. Collier, *Bankruptcy* ¶ 70.98, at 1197 (14th ed. 1971). *See Tuck v. Patterson*, 60 S.W.2d 328 (Tex. Civ. App. 1933). The jurisdiction of the bankruptcy court over the property had terminated years before the quiet title action was begun. The quiet title action was an in rem proceeding and under RCW 7.28.010, the superior court in the county in which the land was situated had jurisdiction to determine the title to the property.

Kemppainen next argues that the first superior court judgment was void because the court had no power to modify the judgment of another court of competent jurisdiction. While Kemppainen relies upon an admitted rule of law, the facts do not support her argument. Her first superior court suit was in substance a collateral attack upon the bankruptcy court judgment. The court took evidence and heard argument on the issue of whether the bankruptcy court had jurisdiction. When the court found that the bankruptcy court had competent jurisdiction, it proceeded to apply the bankruptcy court judgment with full force and effect.

■ . Kemppainen's third argument is that at the time of the first superior court judgment, she was incompetent in fact, even though she had not been so adjudicated. She concedes, however, that the majority rule is that an incompetent, if not so adjudicated, may sue or be sued. Annot., 71 A.L.R.2d 1247 (1960). This rule is commended by reason. Adoption of the minority rule would extend an invitation to all unsuccessful litigants to avoid their defeats by claiming an earlier incompetency. In view of the corresponding rule of *In re Dill*, 60 Wn.2d 148, 372 P.2d 541 (1962) that a person adjudicated incompetent cannot sue or be sued without the appointment of a guardian, the majority rule gives judgments an important measure of certainty.

The first superior court judgment was not void. The

court in this case did not err in so holding. We, therefore, need not consider the further assignments of error.

Affirmed.

WILLIAMS and CALLOW, JJ., concur.

Petition for rehearing denied February 20, 1975.

Review denied by Supreme Court April 29, 1975.