[No. 2340-1.   Division One.   July 14, 1975.]

JOHN PAUL SHELLEY, *Appellant*, v. ERNEST ELFSTROM *et al*, *Respondents*.

*Mary Fung Koehler,* for appellant.

*Driano & Allen* and *Dominick V. Driano,* for respondents.

WILLIAMS, C.J.—The question presented by this appeal is whether the trial court erred in dismissing the complaint of John Paul Shelley for money due from Ernest and Mabel Elfstrom because of Shelley's incompetence. We hold that the court did err and reverse.

The essential facts are that on December 15, 1960, Shelley was adjudicated incompetent and admitted to Western State Hospital for treatment. About 2 years later, he was discharged as "improved," and the Elfstroms looked out for him for several years. At about the time the Elfstroms decided permanently to leave the state, Shelley's children appeared to undertake his care. They prompted this action to recover money they believe Shelley gave to the Elfstroms. The Elfstroms correctly raised the question of Shelley's competency by appropriate averment in their answer, CR 9(b).

At the trial, the Elfstroms moved to dismiss the action with prejudice because Shelley, an incompetent person, was not represented by a guardian or guardian ad litem. Shelley's attorney responded by asking the court to hear evidence that Shelley was competent. This request was refused. Instead, the trial court opened Shelley's sealed sanity file, learned that he had not been discharged as recovered by either the hospital superintendent or the court, and dismissed the action without prejudice.

█  Appointment of a guardian ad litem is not a jurisdictional requirement.

> Civil actions in the several superior courts of this state shall be commenced by the service of a summons, . . . or by filing a complaint with the county clerk . . .

RCW 4.28.010.

From the time of the commencement of the action by service of summons, or by the filing of a complaint, . . . the court is deemed to have acquired jurisdiction and to have control of all subsequent proceedings.

RCW 4.28.020. The court had jurisdiction, *Cartwright v. Kulzer*, 140 Wash. 206, 248 P. 419 (1926), but could not proceed because

[w]hen an insane person is a party to an action in the superior courts he shall appear by guardian, or if he has no guardian, . . . the court shall appoint one to act as guardian ad litem.

RCW 4.08.060. *In re Dill*, 60 Wn.2d 148, 372 P.2d 541 (1962). A person adjudicated incompetent is presumed to continue in that status. The burden of overcoming the presumption is upon the person asserting competency. *In re Estate of Peter*, 43 Wn.2d 846, 264 P.2d 1109 (1953); *In re Higdon*, 30 Wn.2d 546, 192 P.2d 744 (1948).

The Superior Court is obligated to afford an alleged incompetent person the opportunity to defend against the allegation. *Graham v. Graham*, 40 Wn.2d 64, 240 P.2d 564 (1952). Moreover, the court has inherent jurisdiction to protect the estates of incompetent persons. Const. art. 4, § 6; *O'Connell v. Conte*, 76 Wn.2d 280, 456 P.2d 317 (1969); *In re Sall*, 59 Wash. 539, 110 P. 32 (1910). "The welfare of incompetent persons and the care of their property are objects of particular care and attention on the part of the courts." *In re Mignerey*, 11 Wn.2d 42, 49, 118 P.2d 440 (1941); *Potter v. Potter*, 35 Wn.2d 788, 215 P.2d 704 (1950). A trial court on its own motion may appoint a guardian ad litem. *Graham v. Graham, supra.* An appellate court will act sua sponte to protect the apparent interests of a ward. *In re Ivarsson*, 60 Wn. 2d 733, 375 P.2d 509 (1962); *In re Deming*, 192 Wash. 190, 73 P.2d 764 (1937).

It was, therefore, the duty of the court to determine either that Shelley was competent or that a guardian ad litem was required. *Withers v. Tucker*, 32 Wis. 2d 496, 145 N.W.2d 665 (1966); *Wiesmann v. Donald*, 125 Wis. 600, 104 N.W. 916 (1905). Nothing was gained by the dismissal, and

much was lost if, in fact, Shelley is incompetent. If he is competent, the complaint stands. *In re Pfeiffer,* 10 Wn.2d 703, 118 P.2d 158 (1941).

The judgment of dismissal is vacated, and the cause remanded to the Superior Court for further proceedings.

CALLOW and ANDERSEN, JJ., concur.