[No. 31949. Department Two. February 7, 1952.]

DAVID GRAHAM, *Plaintiff*, v. CLOVER GRAHAM, *Defendant and Relator*.[1]

[1]Reported in 240 P. (2d) 564.

*Metzger, Blair, Gardner & Boldt,* for plaintiff.

*Elias A. Wright* (of *Wright & Wright*), for defendant and relator.

FINLEY, J.—Mrs. Clover Graham seeks a writ of prohibition to prevent the King county superior court from appointing a guardian *ad litem* to represent her in her capacity as party defendant in a lawsuit now pending in that court. In such lawsuit she has been and now is represented by counsel, a member of the Seattle bar.

The pertinent facts stated in the application for the writ are as follows: David Graham, plaintiff, and Clover E. Graham, defendant, were divorced in Nevada in 1948. The parties and their three children are now in the state of Washington. Under the Nevada decree, Mr. Graham was given primary custody of the three children. Mrs. Graham was awarded certain visitation rights. In an effort to eliminate the visitation rights, the father instituted the King county superior court lawsuit mentioned above. He alleged that the personality, the mental and nervous condition, and the psychic disposition of Mrs. Graham had changed greatly

since the entry of the custody decree; that now her visitation with the children would be upsetting to them and not in their best interests. She denied this. The matter came on for trial before the Honorable Chester A. Batchelor. Mr. Graham called Dr. S. Harvard Kaufman, a psychiatrist, as a witness, who testified that he had examined Mrs. Graham; that he diagnosed her condition as schizophrenia, paranoid type, dementia praecox, paranoid type, of a chronic and progressive nature.

At this stage of the proceedings, the judge indicated that he felt compelled to protect the interests of Mrs. Graham by appointing a guardian *ad litem* for her. There was no indication that such guardian would have any unusual power or control over the attorney then employed by Mrs. Graham, or that he would be replaced through the employment of different legal counsel. Mrs. Graham's attorney objected to the proposed appointment on the ground that his client was entitled to a hearing on a matter of such importance. The court was of the opinion that Dr. Kaufman's testimony had established a *prima facie* case of incompetency, and that thereupon it became the duty of the court to appoint a guardian *ad litem*. It was agreed that Mrs. Graham would be allowed an opportunity to apply to the supreme court for a writ of prohibition before any order appointing a guardian *ad litem* would be entered.

The primary and controlling question to be decided here is whether, under the circumstances, the entry of an order appointing a guardian *ad litem* is within and not in excess of the jurisdiction of the superior court. *State ex rel. New York Cas. Co. v. Superior Court*, 31 Wn. (2d) 834, 199 P. (2d) 581.

█ Irrespective of specific statutory authorization, the principle is well established that it is proper and desirable for courts to appoint guardians *ad litem* for parties litigant when reasonably convinced that a party litigant is not competent, understandingly and intelligently, to comprehend the significance of legal proceedings and the effect and relationship of such proceedings in terms of the best interests

of such party litigant. It has been said that the power to act in such cases is within the inherent jurisdiction of the courts. *Borough of East Patterson v. Karkus*, 136 N. J. Eq. 286, 41 A. (2d) 332; *Moore v. Roxbury*, 85 N. H. 394, 159 Atl. 357. This jurisdiction is part of, and incidental to, the general jurisdiction of a court over a case and the parties properly before it. *Denny v. Denny*, 8 Allen (Mass.) 311.

■ An application by one of the parties to a lawsuit is not a prerequisite. A trial court on its own motion may appoint a guardian *ad litem. Moore v. Roxbury, supra.* Some cases indicate that a guardian *ad litem* may be appointed summarily. *Sobel v. Sobel*, 180 Misc. 618, 42 N. Y. S. (2d) 467. In this regard, some courts go so far as to say that, when the question of mental capacity arises for the first time in the trial of a case in equity, the better practice is to cause it to be submitted to a jury. *Pyott v. Pyott*, 191 Ill. 280, 61 N. E. 88. Any and all of this would seem to be quite proper in the usual case involving appointment of a guardian *ad litem*. But it seems to us that a most serious question arises when there is timely objection or resistance to the appointment either by the alleged incompetent or his attorney.

■ While in such instances submission of the question of competency to a jury might be unobjectionable and might provide proper protection to an alleged incompetent, we would not go so far as to say that submission of the matter to a jury would be an absolute essential. On the other hand, in such cases, it seems to us that a guardian *ad litem* should not be appointed by the court unless a full and fair opportunity is given to the alleged incompetent to defend and to be heard. There is something fundamental in the matter of a litigant being able to use his personal judgment and intelligence in connection with a lawsuit affecting him, and in not having a guardian's judgment and intelligence substituted relative to the litigation affecting the alleged incompetent. Furthermore, there is something fundamental in a party litigant being able to employ an attorney of his voluntary choice to represent him in court and in being

free to reject or accept the advice of such attorney. The interposition of a guardian *ad litem* could very well substitute his judgment, inclinations, and intelligence for an alleged incompetent's; furthermore, the retention of legal counsel or the employment of a different attorney could be determined by the guardian *ad litem*, subject, of course, to some direction and control by the court, and the latter might be open to some question.

In any event, the changes which might result from the appointment of a guardian *ad litem* are of such significance as to be permitted only after a full, fair hearing and an opportunity to be heard is accorded to an alleged incompetent. This, of course, is on the assumption that there is objection or resistance to the appointment, and that same was timely made. In such a case, we are convinced that an adjudication of incompetency must precede, or at least be contemporaneous with, the appointment of a guardian *ad litem*; and in that connection, that an alleged incompetent has a right to defend and is entitled to be heard. See *Webb v. Webb*, 96 N. J. Eq. 1, 124 Atl. 706; *Kalanianaole v. Liliuokalani*, 23 T. H. 457; *In re Haynes' Will*, 82 Misc. 228, 143 N. Y. S. 570.

Now as to whether prohibition is a proper and available remedy under the circumstances in the instant case. We have repeatedly stated that a writ of prohibition lies only, (1) when a trial court is acting without or *in excess* of its jurisdiction; and then only, (2) when there is no other adequate remedy. *State ex rel. Western Canadian Greyhound Lines v. Superior Court*, 26 Wn. (2d) 740, 175 P. (2d) 640.

From the standpoint of definition, the term "jurisdiction" is somewhat illusive, to say the least. It has been characterized as one of the nebulous, slippery, weasel words of the law. These observations would seem to apply equally to the phrase "excess of jurisdiction." Clearcut, authoritative definitions of the phrase are not too numerous. At best, they are quite confusing. It was pointed out above that the trial court definitely has jurisdiction or possesses the power to act in the matter of appointment of guardians *ad litem*

in the usual run-of-the-mill situation. Therefore, the question now to be resolved is whether it should be said that the trial court, in proceeding without a hearing in the face of timely objection and resistance, was acting in excess of jurisdiction. For the reasons indicated, we have stated hereinabove that under certain circumstances a hearing and an opportunity to be heard are essential. Absent such essentials, we are convinced that a court would be proceeding in *excess of its jurisdiction.*

■ The only other question is whether petitioner has an adequate remedy at law. At the trial of the instant case on its merits, the basic question to be determined involves the competency of Mrs. Graham, the defendant. It is our best judgment that a decision on the question of competency, although solely in connection with the appointment of a guardian *ad litem*, might very well prejudice Mrs. Graham in connection with the trial of the case on its merits. In view of this we think that no adequate remedy at law is available.

We are expressing no opinion as to whether, after a hearing, the trial court should or should not appoint a guardian *ad litem*. Our opinion here is only to the effect that petitioner is entitled to a full and fair hearing and an opportunity to defend, as we have indicated. A writ of prohibition will be issued to afford petitioner such a hearing on the question of whether a guardian *ad litem* should or should not be appointed.

HILL, HAMLEY, WEAVER, and OLSON, JJ., concur.