# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In re the Parenting and Support of: | ) | No. 70531-8-I |
| | ) | |
| E.J.R. (DOB: 07-23-10), | ) | DIVISION ONE |
| | ) | |
| Minor child. | ) | |
| | ) | |
| MICHAEL JOHN RODERICK, JR., | ) | UNPUBLISHED |
| | ) | |
| Appellant, | ) | FILED: January 20, 2015 |
| | ) | |
| v. | ) | |
| | ) | |
| BRENDA JEANNE LYNN, | ) | |
| | ) | |
| Respondent. | ) | |

Cox, J. – Michael Roderick Jr. appeals the trial court's orders providing for the custody and support of his daughter, E.J.R. Roderick's failure to comply with the Rules of Appellate Procedure or provide an adequate record precludes review of many of his claims, and his remaining claims are without merit. We affirm the trial court's orders.

Roderick and Brenda Lynn are the parents of E.J.R., who was born in July 2010. According to Lynn, after E.J.R.'s birth, Roderick became increasingly angry and paranoid. He accused Lynn of cheating on him, monitored her daily movements, and yelled at their neighbors through the walls in the middle of the night. He also displayed erratic behavior at work. In August 2011, Lynn and Roderick separated and E.J.R. lived with Lynn while Roderick visited regularly.

In May 2012, Roderick was returning E.J.R. to Lynn's house when one of Lynn's neighbors greeted Roderick and E.J.R. Roderick became agitated, telling the neighbor to get away from E.J.R. and threatening to file for a restraining order. When Lynn reached to take E.J.R. from Roderick's arms, Roderick ran into the street, nearly falling with the child. He became increasingly frantic, accusing Lynn's family of using drugs and trying to plot against him. Lynn called 911.

On June 21, 2012, Lynn filed a petition for a residential schedule and child support. Trial on the petition began on May 30, 2013. Lynn was represented by counsel and Roderick appeared pro se. The trial court heard the testimony of Lynn and Roderick and reviewed 58 exhibits, after which it entered findings of fact and conclusions of law, a parenting plan and an order of child support. The parenting plan provided for Lynn to remain E.J.R.'s custodial parent and limited Roderick's residential time under RCW 26.09.191(3) due to Roderick's "long-term emotional or physical impairment which interferes with the performance of parenting functions."[1] The plan provided for three phases of increasing visitation, contingent upon Roderick participating in a mental health evaluation and treatment. The trial court found that it was necessary to restrict Roderick's contact with E.J.R. because "[t]he father appears to have an untreated mental illness that results in erratic and aggressive behavior" and "[t]here is a concern the [sic] he may inadvertently harm the child if his mental health issues are

---

[1] Clerk's Papers at 366.

2

untreated."[2] The trial court also imputed Roderick's net monthly income at minimum wage and required Roderick to pay $245.43 per month in child support.

Proceeding pro se, Roderick appeals the trial court's findings of fact, conclusions of law and parenting plan. Roderick also appeals the trial court's order of child support, but does not assign error to the order or address it in his briefs. Accordingly, the issue is waived.[3]

Pro se litigants are held to the same standards as attorneys and must comply with all procedural rules on appeal.[4] An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."[5] It is also the appellant's burden to provide a record sufficient to review the issues raised on appeal.[6] Failure to do so may preclude appellate review.[7]

With few exceptions, Roderick has failed to comply with these requirements. He has not provided a verbatim report of proceedings for the trial, and failed to designate any of the trial exhibits for review. Roderick's briefing contains no citations to the record and minimal references to relevant authority. We address his claims to the extent possible given the limits of the record and the legal analysis provided.

---

[2] Clerk's Papers at 363, 369.
[3] RAP 10.3(a)(4).
[4] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).
[5] RAP 10.3(a)(6).
[6] Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988).
[7] State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

## COMPETENCY AND REPRESENTATION

Roderick argues the trial court erred in failing to determine whether he was competent to participate in the proceedings. He asserts the trial court was obligated to appoint a guardian ad litem (GAL) or counsel at public expense. Roderick additionally claims that the trial court should have appointed a GAL or a court-appointed special advocate (CASA) to represent E.J.R.'s interests.

Whenever the issue of a party's competence to understand the legal proceedings is raised, the trial court should conduct a hearing to determine whether the party is mentally competent or requires a GAL.[8] This hearing must allow the alleged incapacitated person the opportunity to present evidence as to their mental capacity.[9] A trial court should appoint a GAL when it is "reasonably convinced that a party litigant is not competent, understandingly and intelligently, to comprehend the significance of legal proceedings and the effect and relationship of such proceedings in terms of the best interests of such party litigant."[10] We review a trial court's determination of the need for a GAL for an abuse of discretion.[11] A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds.[12]

It is clear from the clerk's minutes that the trial court addressed the issue of Roderick's competency on the first day of trial and denied the appointment of a GAL. However, because Roderick does not provide a transcript of the trial, we

---

[8] Vo v. Pham, 81 Wn. App. 781, 786, 916 P.2d 462 (1996).
[9] Id.
[10] Id. at 790 (citing Graham v. Graham, 40 Wn.2d 64, 66-67, 240 P.2d 564 (1952)).
[11] Id. at 784.
[12] In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

4

cannot determine whether Roderick presented evidence as to his mental capacity or whether the trial court abused its discretion in determining he was capable of understanding the proceedings. "A trial court's judgment is presumed to be correct and should be sustained absent an affirmative showing of error."[13]

Moreover, Roderick was not entitled to counsel at public expense. It is well settled that the right to counsel does not extend to a parent in a private child custody proceeding.[14] Though Roderick claims he has a right to counsel at public expense under the Americans with Disabilities Act (ADA), the federal regulation to which Roderick cites pertains to civil suits for discrimination, not any proceeding in which a party alleges a disability.

Finally, Roderick fails to establish that the trial court erred in failing to appoint a GAL or CASA for E.J.R. In any proceeding regarding the determination of a parenting plan or residential schedule, a trial court has the discretion to appoint a GAL or CASA to represent the interests of a minor child when the court believes such an appointment is necessary to protect the best interests of the child.[15] Though the clerk's minutes indicate that the trial court considered and rejected Roderick's request for a GAL or CASA for E.J.R., Roderick's failure to provide a transcript of the hearing is again fatal to his claim of error. And because Roderick's claim that due process entitles E.J.R. to appointment of a GAL or CASA is unsupported by any legal authority or analysis, we decline to consider it any further.

---

[13] State v. Wade, 138 Wn.2d 460, 464, 979 P.2d 850 (1999).
[14] In re Marriage of King, 162 Wn.2d 378, 397-98, 174 P.3d 659 (2007).
[15] RCW 26.12.175(1)(a).

## PARENTING PLAN

In determining a parenting plan, the trial court exercises broad discretion.[16] A trial court's decision regarding custody, visitation or parental decision-making will not be overturned absent abuse of that discretion.[17] We review the trial court's findings of fact to determine whether substantial evidence supports the findings.[18] We do not review the trial court's credibility determinations, nor do we weigh conflicting evidence.[19] Unchallenged findings of fact are verities on appeal.[20]

Roderick contends the trial court erred in failing to consider each of the factors enumerated in RCW 26.09.520. But RCW 26.09.520 pertains to court orders permitting a parent to relocate with a child. Because there is no evidence in the record that either parent requested to relocate with the child, there was no need for the trial court to address the RCW 26.09.520 factors.

Roderick argues that the trial court's findings of fact were insufficient to restrict his contact with E.J.R. But the phased-in visitation plan was supported by the trial court's findings that Roderick engaged in "erratic, violent and unpredictable behavior" and could inadvertently harm E.J.R. without treatment for his mental health issues. To the extent that Roderick attempts to challenge the findings as unsupported by the evidence, because he has failed to provide a record of the evidence presented at trial and to properly support his claims of

---

[16] In re Marriage of Kovacs, 121 Wn.2d 795, 801, 854 P.2d 629 (1993).
[17] In re Marriage of Rich, 80 Wn. App. 252, 258, 907 P.2d 1234 (1996).
[18] Sunnyside Valley Irrigation Dist. v. Dickie, 111 Wn. App. 209, 214, 43 P.3d 1277 (2002).
[19] Rich, 80 Wn. App. at 259.
[20] In re Marriage of Brewer, 137 Wn.2d 756, 766, 976 P.2d 102 (1999).

6

error with argument based on evidence in the trial record, the challenged findings must be treated as verities.[21]

Roderick claims that the trial failed to consider E.J.R.'s best interests when establishing the parenting plan. "[T]he best interests of the child shall be the standard by which the court determines and allocates the parents' parental responsibilities."[22] But it is clear from the language of the parenting plan that the trial court restricted Roderick's contact with E.J.R. based on an assessment of what was in E.J.R.'s best interests.

Roderick claims that the parenting plan violated his right to due process and equal protection and that the proceedings violated his Fifth Amendment right against self-incrimination. Because Roderick fails to cite any authority to support these assertions or provide any other argument beyond these statements, we do not address these claims any further.

Citing In re Marriage of Jensen-Branch,[23] Roderick claims that the trial court violated his First Amendment right to free exercise of religion by (1) granting Lynn sole decision-making authority with regards to E.J.R.'s religious upbringing and (2) denying him the right to move with E.J.R. to Israel. But Jensen-Branch is not controlling here. There, the trial court expressly prohibited the father from providing "any religious education or indoctrination" to his

---

[21] In re Parentage & Custody of A.F.J., 161 Wn. App. 803, 806 n.2, 260 P.3d 889 (2011).
[22] RCW 26.09.002.
[23] 78 Wn. App. 482, 899 P.2d 803 (1995).

7

children.[24] This court held that such an express restriction implicates freedom of religion and may be imposed "only upon a substantial showing of potential or actual harm to the children . . . ."[25] Here, Roderick is not prohibited from sharing his faith with E.J.R. And while the trial court limited Roderick's contact with E.J.R., this is based on the trial court's finding that Roderick's untreated mental health condition endangered E.J.R., not an attempt to abridge Roderick's religious freedom. Absent express restrictions on religious teachings, a trial court's decision granting a parent sole decision-making authority over religion is reviewed for an abuse of discretion.[26] Roderick does not demonstrate the trial court abused its discretion.

Finally, Roderick contends that the trial court erred when it: (1) referred to him as "paranoid and delusional;" (2) interrupted his opening statement, testimony and cross-examination of witnesses; (3) allowed Lynn to present perjured testimony; (4) failed to listen to the testimony; (5) sustained Lynn's objections; (6) failed to allow him to subpoena a federal agent; (7) refused to admit expert testimony; and (8) denied his motion to continue the trial based on his mental health. We decline to review these claims because Roderick fails to support them with an adequate record or meaningful legal analysis.

## ATTORNEY FEES ON APPEAL

Lynn requests attorney fees incurred in defending this appeal pursuant to RCW 26.09.140. But the plain language of chapter 26.09 RCW applies to the

---

[24] Id. at 483.
[25] Id.
[26] Id. at 490.

"dissolution of marriage."[27] Because Roderick and Lynn were not married, Lynn is not entitled to an award of fees under RCW 26.09.140.

Lynn also requests fees based on Roderick's intransigence. While Roderick's appeal is without merit, his conduct in this court has not been intransigent. We decline to award fees on this basis.

We affirm all of the challenged orders.

_____ Cox, J.

WE CONCUR:

_____      _____
Trickey, J                     Schindler, J

---

[27] See, e.g., Foster v. Thilges, 61 Wn. App. 880, 887-88, 812 P.2d 523 (1991) (parties to committed intimate relationships are not entitled to fees under RCW 26.09.140 because statute grants attorney fees only where there has been marital relationship between the parties).