IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MICHAEL CHIOFAR GUMMO BEAR, by and through his DPOA, RICHARD LENNSTROM, | ) ) ) | |
| | ) | No. 32127-4-III |
| Appellant, | ) ) | |
| v. | ) ) | |
| WASHINGTON STATE: its superior court, COA-I Hon. Comm. ELLIS, COA-II Hon. Comm. SCHMIDT, DSHS, DOC, DOL, et al.; PIERCE COUNTY: All its agents and Employees, et al; KING COUNTY: All its agents and Employees, et al; CITY OF SEATTLE: All its agents and Employees, et al; WILLIAM MICHELMAN, JD; VALERIE MARUSHIGE, JD; LARRY GARRETT, JD; and All Their agents & Employees, | ) ) ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Defendants, | ) ) | |
| MICHAEL UNDERWOOD, JD, | ) ) | |
| Respondent. | ) | |

SIDDOWAY, C.J. — Michael Chiofar Gummo Bear appeals the trial court's

dismissal of his legal malpractice action against Michael Underwood, whom he alleged

negligently represented him in a 2008 prosecution for felony harassment. The trial court granted summary judgment dismissing Mr. Bear's complaint notwithstanding Mr. Bear's request that consideration of the motion be continued until a limited guardian could be appointed to handle litigation on his behalf.

The trial court never addressed Mr. Bear's legal capacity on the record. Mr. Bear's assignments of error implicitly contend that the court should have appointed a guardian ad litem (GAL) sua sponte. We do not find the manifest evidence of need for a GAL that would demonstrate an abuse of discretion by the trial court, however, nor did Mr. Bear make the showing required to justify a continuance.

Because the undisputed evidence demonstrated that Mr. Bear had never personally served Mr. Underwood with process and that the statute of limitations had run, we affirm the trial court's dismissal of Mr. Bear's claim.

FACTS AND PROCEDURAL BACKGROUND

In May 2008, Mr. Bear was charged with felony criminal harassment after he made a threatening phone call to a judicial assistant in the Pierce County Superior Court. The court appointed Michael Underwood to represent him.

The State later amended the information, reducing the charge to misdemeanor harassment, because it recognized it would be difficult to prove the victim was in

reasonable fear that the threat would be carried out. The judicial assistant told

prosecutors she was not afraid Mr. Bear would act on his threat.

In August 2008, after Mr. Bear was found competent to stand trial, he entered an

*Alford*[1] plea to an amended charge of gross misdemeanor harassment. The State and Mr.

Bear recommended a 365-day sentence with 277 days suspended and credit for the 88

days served; Mr. Bear told the court he was entering the guilty plea because he wanted to

get out of jail that day. *State v. Chiofar*, noted at 152 Wn. App. 1017, 2009 WL

2942666.[2] The record on which the court relied in accepting the plea did not include

evidence that the threatened judicial assistant reasonably feared that Mr. Bear would

carry out his threat; to the contrary, it included the deputy prosecutor's admission that the

State would have difficulty proving the fear element of felony harassment.

Shortly after pleading guilty, Mr. Bear appealed, seeking to withdraw his guilty

plea. In an unpublished decision, Division Two of this court overturned Mr. Bear's

guilty plea, finding that it lacked a factual basis. *Id.* As the court observed, "[a]n

element of criminal harassment, *whether felony or misdemeanor*, is that 'the person

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] We cite the unpublished decision not as an authority, but for the history of the criminal prosecution as relevant to the malpractice action. *Cf.* GR 14.1(a) (prohibiting citation to unpublished opinions of the Court of Appeals as authority). We note that Mr. Bear has referred to himself in earlier litigation by different names, including, "Michael Theodore Bear," "Michael Chiofar," and "Michael Gummo." We use the surname "Bear" based on the summons and complaint filed below.

threatened [be] in reasonable fear that the threat will be carried out.'" *Id.* at \*2 (quoting RCW 9A.46.020(1)(b) (emphasis added)). The court concluded that Mr. Bear's "stated belief that conviction was likely if he went to trial shows a misunderstanding of the law," and his plea was therefore not voluntary. *Id.* at \*3 (footnote omitted). It vacated the conviction and remanded to the trial court with instructions to allow Mr. Bear to withdraw his guilty plea and to dismiss the charge. The charge was dismissed on November 19, 2009.

The present action was commenced in Pierce County Superior Court several months later by the filing of a summons and complaint. Named as plaintiff was "CHIOFAR GUMMO BEAR, Michael, by and through his DPOA: LENNSTROM, Richard." Clerk's Papers (CP) at 1. The first sentence of the complaint stated

> Michael CHIOFAR, Plaintiff herein, together with his Durable Power of Attorney ("DPOA") Richard LENNSTROM, is authorized to act upon the Plaintiff's involuntary incapacity.

CP at 4.

The complaint named ten defendants: Michael Underwood, three other lawyers, two judicial officers, and four state or local agencies. It alleged that each of the lawyers named as defendants "has committed malpractice in my case(s)." CP at 5. After naming the defendants and alleging jurisdiction and venue, the complaint included this first allegation of fact:

4

> Michael CHIOFAR and his "DPOA", Richard LENNSTROM, are and have been recipients of DSHS payments for Social Security, Disability benefits, and Supplemental Security income. They have been determined to be eligible for medical benefits for the medically needy. Michael CHIOFAR has a mental handicap which qualifies under State and Federal law as a handicap. He has been determined to be incapacitated to handle certain legal affairs. Richard LENNSTROM has a mental and physical handicap which qualify as handicaps under State and Federal law. They have and continue to ask for accommodations to their disabilities.

CP at 6. Elsewhere, the complaint alleged, "Plaintiff's diagnosis of 'Paranoid Schizophrenia' needs to be accommodated as . . . acts and omissions [by attorneys and officials] and lack of explanation exacerbate Plaintiff's mental disability." CP at 7.

The case was timely removed to the United States District Court for the Western District of Washington. In response to a motion by Mr. Bear for appointment of a guardian ad litem on his behalf (a motion joined in by one of the lawyer-defendants), the federal court appointed John O'Melveny as a guardian ad litem "for the limited purpose of reviewing the pleadings in this action and making a determination as to whether [Mr.] Bear's pending claims have merit and whether it is in [Mr.] Bear's best interest to proceed with the lawsuit." CP at 269.

Mr. O'Melveny submitted a report to the federal court in February 2011, in which he concluded that while none of Mr. Bear's claims against any other defendant had merit, Mr. Bear may have a tort claim against Mr. Underwood for not informing Mr. Bear before he entered his guilty plea that the evidence did not support each element of criminal harassment. Mr. O'Melveny acknowledged the limits of his information on Mr.

5

Underwood's representation and stated that whether Mr. Bear in fact had a claim "would be a factual question." CP at 292.

After receiving Mr. O'Melveny's report, the federal court dismissed with prejudice all of Mr. Bear's claims other than the malpractice claim against Mr. Underwood. It declined to retain jurisdiction of the state law malpractice claim and remanded it to the Pierce County Superior Court.

Over two years later, in July 2013, Mr. Underwood filed an answer and affirmative defenses and shortly thereafter moved for summary judgment. He based his summary judgment motion on evidence that Mr. Bear had not yet served process on Mr. Underwood as required by RCW 4.28.080 and CR 4, and argument that Mr. Bear's legal malpractice claim had become time-barred, pointing out that the statute of limitations for a legal malpractice action in Washington is three years, as provided by RCW 4.16.080(3). A cause of action accrues and the limitation period begins to run when the client "discovers, or in the exercise of reasonable diligence should have discovered the facts which give rise to his or her cause of action." *Peters v. Simmons*, 87 Wn.2d 400, 406, 552 P.2d 1053 (1976). Mr. Underwood argued that Mr. Bear's malpractice claim accrued at the latest on November 19, 2009, when the criminal harassment charge was dismissed. On that basis, the three-year limitations period expired on November 19, 2012.

Mr. Underwood eventually noted his motion for a September 27, 2013 hearing date. On September 16, 2013, Mr. Bear filed a "Response to Summary Judgment:

6

Motion for Continuance." CP at 342. He did not respond to the substantive merits of Mr.

Underwood's motion but instead requested a continuance "until at least December 4,

2013." *Id.* The submission was signed by Mr. Bear and a new "durable power of

attorney," John Scannell.

The response and motion for continuance cited RCW 4.08.060, which

contemplates that a party to a superior court action who is incapacitated shall appear by

guardian or have a guardian ad litem appointed. Alleging that he had been declared

mentally incompetent by at least four different courts, Mr. Bear argued:

> Michael Chiofar Gummo Bear has no guardian at the present time. His
> former durable power of attorney Richard Lennstrom attempted to petition
> the Pierce County Superior Court for appointment of guardian but passed
> away before one was appointed. John Scannell attempted to have the
> action finished but the court decided that proper venue was King County.
> The case was then transferred to King County for appointment of a
> guardianship. It is expected that a guardian ad litem will be appointed
> today for investigation of a guardianship which would be accomplished on
> November 4, 2013.

CP at 343.

The record of the hearing on September 27 is sparse. No transcript has been filed.

Courtroom minutes state:

> **Start Date/Time: 09/27/13 9:11 AM**
>
> September 27, 2013 09:10 AM Atty Michael Ryan present on behalf of
> deft Underwood[.] John Scannlon present as person with power of attorney
> for petitioner. Court hears from Atty Ryan. 09:14 AM Court inquires of

Mr. Scannlon (who is disbarred from Washington State[3]). 09:15 AM
Court grants motion for summary judgment . . . .

**End Date/Time: 09/27/13 9:15 AM**

CP at 408.

The court signed the order granting summary judgment that was presented by Mr.

Underwood's counsel. In reciting the materials reviewed by the court, the order included

"Response of plaintiff, if any," but it did not reflect any disposition of Mr. Bear's motion

for a continuance. It did not address Mr. Bear's legal capacity. Mr. Bear appeals.

ANALYSIS

Mr. Bear does not contend that he ever properly served Mr. Underwood with

process. He does not dispute that if he was competent for a three year period running

between the time the harassment charges against him were dismissed on November 19,

2009, and the dismissal of his malpractice case against Mr. Underwood on September 27,

2013, then the statute of limitations for a legal malpractice would have run and summary

judgment dismissal would have been proper.

He suggests, however, that if he proved he was "incompetent or disabled to such a

degree that he . . . [could not] understand the nature" of his malpractice action so as to

toll the running of the statute of limitations under RCW 4.16.190 or as a matter of equity,

---

[3] Reply materials filed by Mr. Underwood had included a Washington State Bar
Association Notice of the disbarment of John R. Scannell effective September 9, 2010.

then summary judgment would be improper. He raises two related assignments of error:

first, that the trial court erred in refusing to appoint a GAL or grant a continuance until a

guardian could be appointed and second, that it erred by dismissing the complaint where

no guardian or GAL had been appointed. We address his assignments of error in turn.

### *I.  Failure to appoint a GAL or grant the requested continuance*

#### *A.  Failure to appoint a GAL sua sponte*

Mr. Bear did not move the trial court to appoint a GAL, so his implicit position is

that the trial court should have appointed a GAL sua sponte.

RCW 4.08.060(1) provides:

> When an incapacitated person is a party to an action in the superior courts
> he or she shall appear by guardian, or if he or she has no guardian, or in the
> opinion of the court the guardian is an improper person, the court shall
> appoint one to act as guardian ad litem.  Said guardian shall be appointed as
> follows:
> (1) *When the incapacitated person is plaintiff,* upon the application
> of a relative or friend of the incapacitated person.

(Emphasis added).  Although the statute addresses appointment of a GAL following

application for such an appointment, "[a]n application by one of the parties to a lawsuit is

not a prerequisite.  A trial court on its own motion may appoint a guardian ad litem."

*Graham v. Graham,* 40 Wn.2d 64, 67, 240 P.2d 564 (1941) (emphasis omitted).

Moreover,

> the court *should* appoint a guardian ad litem for a litigant when it is
> 'reasonably convinced that a party litigant is not competent,
> understandingly and intelligently, to comprehend the significance of legal

proceedings and the effect and relationship of such proceedings in terms of the best interests of such party litigant.'

*Vo v. Pham*, 81 Wn. App. 781, 790, 916 P.2d 462 (1996) (quoting *Graham*, 40 Wn.2d at 66-67) (emphasis added).

We review a trial court's determination of the need for a GAL for an abuse of discretion. *Id.* at 784. Where a trial court is not presented with any application or request for appointment of a GAL, we must review the record and determine whether any reasonable judge would have recognized a need to appoint one.

Mr. Underwood's submissions included evidence that Mr. Bear's unique mental health issue related to litigation is not that he cannot comprehend legal proceedings but that he is irrationally addicted to bringing lawsuits. In a somewhat sympathetic medical/psychological report by Janice B. Edward, PhD, filed in Pierce County Superior Court Case No. 08-1-02447-6, Dr. Edward stated that Mr. Bear reported having graduated from high school as his class valedictorian, having graduated from college, and having completed a year of law school; she described him as "quite intelligent." CP at 160. But she described him as "pathologically litigious," with many adverse consequences for himself:

> [H]e has incurred legal sanctions, spent money that he cannot afford, has caused himself additional stress, feels himself to be out of control and to be, at times, suicidal. It also prevents him from getting the help that he needs because professionals are concerned about being sued by him. . . . In reality he is not resolving any of his emotional issues with these lawsuits, which is

what he hopes to do with them, but is actually adding to the burden of his mental illness.

CP at 164. She recommended that Mr. Bear only be allowed to sue through a guardian, who should be a person with no personal relationship with Mr. Bear, and that he be allowed to submit requests to initiate lawsuits only once every 90 days.

Mr. Underwood's evidence included orders from other courts that consistently treated Mr. Bear *not* as incapable of comprehending the legal process as a lawsuit proceeded, but as making repeatedly irrational decisions in bringing lawsuits in the first place. Mr. Underwood's evidence included a 2008 order of the King County Superior Court finding Mr. Bear to be a vexatious litigant and imposing, as its only limitation, a restraint against Mr. Bear filing lawsuits in King County unless a court-appointed guardian had first reviewed the matter, determined that it had probable merit, and affixed his or her signature in accordance with CR 11. His evidence included a 2010 order of the Thurston County Superior Court adopting King County's position that Mr. Bear was a vexatious litigant and imposing the same limitation.

Finally, Mr. Underwood's evidence included evidence that federal district court judge Benjamin Settle, to whom the lawsuit below was assigned during the period it was removed to federal court, found it appropriate to appoint a guardian ad litem only for the limited purpose of deciding whether the claims had sufficient merit to proceed and not for any other purpose. He included evidence that when another of Mr. Bear's actions was

assigned to Judge Settle in 2013, he dismissed the lawsuit on the pleadings without appointing any guardian ad litem at all.

Mr. Bear's own pro se submissions demonstrate that he is an intelligent person and that he is more capable than many pro se parties in some of his legal reasoning, even if his lack of education and experience together with his mental health issues make him a poor judge of which claims are worthy of pursuit.

"Mental competency is presumed." *Vo*, 81 Wn. App. at 784 (citing *Binder v. Binder*, 50 Wn.2d 142, 148, 309 P.2d 1050 (1957)). Because the trial court was presented with no motion and no manifest indication that Mr. Bear was in need of appointment of a guardian ad litem, it did not abuse its discretion in failing to appoint one sua sponte.

### B. Failure to grant the requested continuance

Alternatively, Mr. Bear argues that the court should have granted his motion for a continuance and awaited the appointment of a limited guardian by the King County court.

By the time Mr. Underwood filed his motion for summary judgment, Mr. Bear had participated in the lawsuit below without a guardian of his person through the removal of the lawsuit to federal court, an amendment of the complaint, Mr. Bear's motion for appointment of a guardian ad litem in federal court, Mr. Bear's motion for reconsideration of the federal court's dismissal of most of his claims, and an appeal to the Ninth Circuit Court of Appeals.

12

He did not file his response to the motion for summary judgment and request for continuance until eleven days before the date set for the hearing of Mr. Underwood's motion. While he represented in the request for continuance that he had been declared mentally incompetent by at least four different courts, he did not provide copies of those orders and provided no explanation why he now needed a guardian of his person to proceed with a three-and-one-half-year-old lawsuit.

CR 56(f) governs continuances when a party faced with a motion for summary judgment cannot timely present by affidavit facts essential to justify his opposition to the motion. The rule "provides that 'the court . . . *may* order a continuance to permit affidavits to be obtained or depositions to be taken.' (Emphasis added.) Where the decision of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of discretion." *Farmer v. Davis*, 161 Wn. App. 420, 430, 250 P.3d 138 (2011).

Discretion is abused when it is based on untenable grounds or is manifestly unreasonable. *In re Det. of Schuoler*, 106 Wn.2d 500, 512, 723 P.2d 1103 (1986). A court does not abuse its discretion in denying a continuance under CR 56(f) where "(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact." *Turner v. Kohler*, 54 Wn. App. 688, 693, 775 P.2d 474 (1989).

13

For the first time on appeal (and, notably, pro se) Mr. Bear argues that had the trial court awaited appointment of a guardian of his person, he could have raised the defenses of statutory tolling of the limitations period under RCW 4.16.190 or equitable tolling. But critically, he did not point out these potential defenses in the trial court nor did he identify evidence supporting the defenses and explain why only a guardian of his person would be able to gather and present such evidence.

Because Mr. Bear's motion in the trial court fell far short of the showing required to support a continuance under CR 56(f), the trial court did not abuse its discretion in implicitly refusing to continue the summary judgment hearing.

### (1) Dismissal of the complaint where no guardian or GAL had been appointed.

Mr. Bear's second assignment of error is to dismissal of his complaint where no guardian or GAL had been appointed. Having already concluded that the court committed no error by failing to appoint a GAL or await appointment of a limited guardian of Mr. Bear's person, the only remaining issue is whether the trial court erred by dismissing the complaint.

We review summary judgment orders de novo, performing the same inquiry as the trial court. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860-61, 93 P.3d 108 (2004). The court views "the facts and the inferences from the facts in a light most

14

favorable to the nonmoving party." *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002).

Mr. Underwood presented prima facie evidence of a statute of limitations defense to the malpractice claim. Mr. Bear presented no affidavits or other proper evidence demonstrating that the facts supporting the time bar were genuinely disputed. Summary judgment was therefore proper.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____
Brown, J.

_____
Lawrence-Berrey, J.