McCool, Plaintiff in error, v. State, Defendant in error.

*No. State 80. Argued May 6, 1971.—Decided June 2, 1971.*
(Also reported in 187 N. W. 2d 206.)

For the plaintiff in error there was a brief and oral argument by *Stewart G. Honeck* of Milwaukee.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney of Milwaukee county.

ROBERT W. HANSEN, J. The defendant in this case sought to withdraw his application for writ of error and to drop his appeal. Because the defense was based upon a claim of insanity and because the defendant had been committed, voluntarily and otherwise, to mental treatment facilities for therapy, this court refused to permit the postconviction challenge to the judgment to be abandoned.

The sole defense claim was that of insanity. The defendant admitted the bludgeoning of the victim of his attack, a girl he did not know and had not before seen. In fact, defendant stipulated that he committed the acts in question. He interposed the insanity defense, elected the A. L. I. test as to insanity,[1] waived a jury and was tried before the court.

The sole issue raised at the time of trial was whether the defendant was insane at the time of the commission of the crime. Three psychiatrists, whose competence and experience are not questioned, testified. One of the three testified that, in his opinion, the defendant was insane under the A. L. I. test at the time of the crime. Two of three testified that, in their opinion, the defendant was sane at the time of the commission of the acts involved. By electing the A. L. I. test, the defendant assumed the burden of convincing the trier of fact to a reasonable certainty by the greater weight of the credible evidence that he was insane at the time of the offense. However, the situation would not have been different if the burden of proof had remained with the state. In either case, there was a clear conflict in the medical testimony as presented by the medical experts called to the witness stand. It became the responsibility of the trier of fact to determine the issue of weight or credibility to be given.[2] Here the trial court resolved the

[1] American Law Institute, *Model Penal Code*, sec. 4.01 (1), Proposed Official Draft (1962).

[2] *See: Schwalbach v. Antigo Electric & Gas, Inc.* (1965), 27 Wis. 2d 651, 658, 135 N. W. 2d 263.

conflicting expert testimony by accepting the opinions of the two doctors that the defendant was sane at the time of the offense. That finding must stand, for, as this court has said, ". . . it is not the function of the appellate court to decide which witnesses are to be believed. That is the exact function of the trier of fact, be such trier of fact the judge or a jury." [3]

On the single issue raised—whether there is sufficient credible evidence in this record to sustain the trial court finding that the defendant was sane at the time of the offense—we see no alternative to holding that the trial court finding of sanity is supported by credible evidence adduced at time of trial. Affirmance is required by such conclusion.

*By the Court.*—Judgment affirmed.

---

[3] *State v. Christopher* (1969), 44 Wis. 2d 120, 127, 170 N. W. 2d 803.