VARA, Plaintiff in error, v. STATE, Defendant in error.*

*No. State 62. Argued October 31, 1972.—Decided November 28, 1972.*
(Also reported in 202 N. W. 2d 10.)

[18] *Id.* at page 17.
* Motion for rehearing denied, without costs, on January 30, 1973.

For the plaintiff in error there was a brief and oral argument by *Margadette M. Demet* of Milwaukee.

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HALLOWS, C. J.   The petition requesting a new trial was in the form of a petition for relief under sec. 974.06, Stats., and therefore improper because a postconviction petition under that section is restricted to jurisdictional and constitutional issues. The petition under sec. 974.06 is not a substitute for a motion for a new trial even though a new trial is requested. Nor is the petition a substitute for an appeal. *Peterson v. State* (1972), 54 Wis. 2d 370, 195 N. W. 2d 837; *State ex rel. Warren v. County Court* (1972), 54 Wis. 2d 613, 197 N. W. 2d 1; *see also State v. Langston* (1971), 53 Wis. 2d 228, 191 N. W. 2d 713.

Since the trial court and the parties treated this motion as one for a new trial on the ground of newly discovered evidence and the motion was timely made for that purpose, we will consider the substance of the motion on this appeal to control over its form. *See Sartin v. State* (1969), 44 Wis. 2d 138, 170 N. W. 2d 727.

The trial counsel tried this case on the theory of self-defense. Vara had an altercation with one Ismeal Castillo at the Dandelion Park Ballroom in Waukesha county. According to Vara, who claimed to have consumed five bottles of beer and a half pint of peppermint schnapps, Castillo pulled a knife during the fight and Vara in turn pulled a gun and shot Castillo. Witnesses testified Cas-

tillo did not have a knife. Vara explained his possession of the gun, which he had been carrying for about a week and a half, on the theory he had been told someone was out to kill him.

A new defense by new counsel is now proposed, based upon evidence Vara suffered a brain injury through a fall sometime prior to the shooting; and that this injury, together with his drinking, would be the basis of a defense of insanity or intoxication or the inability to form the specific intent required by first-degree murder. By hindsight, appellate counsel wishes to retract the road of self-defense to the fork originally encountered and take the alternate road of insanity or lack of intent in hopes of an acquittal. We think the evidence shows the trial counsel made a tactical choice of defenses and effectively waived the defense now advanced. *See: State v. McDonald* (1971), 50 Wis. 2d 534, 184 N. W. 2d 886; *Cross v. State* (1970), 45 Wis. 2d 593, 173 N. W. 2d 589; *State v. Ruud* (1969), 41 Wis. 2d 720, 165 N. W. 2d 153; *Eskra v. State* (1965), 29 Wis. 2d 212, 138 N. W. 2d 173; *State v. Strickland* (1965), 27 Wis. 2d 623, 135 N. W. 2d 295. Unlike the traveler in the familiar Frost poem,[1] an attorney cannot save the road not taken "for another day."

In addition, the evidence is not newly discovered and does not satisfy the well-established test for a new trial on that ground, namely, that (1) The evidence came to movant's knowledge after the trial, (2) the movant was not negligent in seeking to discover it, (3) the evidence is material, (4) the evidence is not merely cumulative, and (5) it is reasonably probable that a different result would be reached on a new trial. *Swonger v. State* (1972), 54 Wis. 2d 468, 195 N. W. 2d 598; *State v. Herfel* (1971), 49 Wis. 2d 513, 182 N. W. 2d 232; *State v. Clarke* (1967), 36 Wis. 2d 263, 153 N. W. 2d 61, certiorari

---

[1] Robert Frost, *The Road Not Taken.*

denied, 393 U. S. 861, 89 Sup. Ct. 140, 21 L. Ed. 2d 129; *Withers v. Tucker* (1966), 32 Wis. 2d 496, 145 N. W. 2d 665; Lock v. State (1966), 31 Wis. 2d 110, 142 N. W. 2d 183.

Vara and his attorney knew he had the head injury which formed the basis of the claim of insanity. This knowledge did not come after the trial but was known before the trial and therefore is no ground for the motion. *Price v. State* (1967), 37 Wis. 2d 117, 154 N. W. 2d 222, certiorari denied, 391 U. S. 908, 88 Sup. Ct. 1662, 20 L. Ed. 2d 423; *State v. Clarke, supra.* The claim is made the importance of the brain injury was not realized until after trial. But newly discovered evidence does not include newly discovered importance of evidence previously known and not used. 24 C. J. S., *Criminal Law,* p. 180, sec. 1454.

Neither is the evidence material although patients with the type of injury Vara is alleged to have had are frequently sensitive to alcohol. The medical testimony falls short of medical certainty that Vara was mentally deficient at the time of trial or at the time of the commission of the act. There is no direct evidence Vara's injury was of such a nature that he could reasonably raise the insanity issue under the modified *M'Naghten* [2] rule stated in *State v. Esser* (1962), 16 Wis. 2d 567, 115 N. W. 2d 505, or the American Law Institute rule adopted in *State v. Shoffner* (1966), 31 Wis. 2d 412, 143 N. W. 2d 458. *See McCool v. State* (1971), 51 Wis. 2d 528, 187 N. W. 2d 206; *State ex rel. Schopf v. Schubert* (1970), 45 Wis. 2d 644, 173 N. W. 2d 673. Nor is the evidence sufficient under sec. 971.15, Stats., created by the Laws of 1969, ch. 255, sec. 63,[3] which adopted the ALI rule.

---

[2] *M'Naghten's Case* (1843), 10 Clark & F., *200, *210, *211, 8 Eng. Reprint 718.

[3] "971.15 **Mental responsibility of defendant.** (1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacked substantial ca-

Consequently, we need not be concerned with which rule of insanity would apply if a new trial were granted. Nor did the medical testimony direct itself to whether Vara was "unable to understand the proceedings against him or to assist in his own defense." Sec. 971.13.

While the trial court committed error in sustaining an objection to the question put to a doctor concerning the effect of alcohol on a patient having "chronic brain syndrome," the error was harmless. Intoxication may be a defense in two instances: Under sec. 939.42 (1), Stats., if it is involuntarily produced and renders the actor incapable of distinguishing right from wrong with respect to the act with which he is charged, and under sec. 939.42 (2) even if voluntary if it "negatives the existence of a state of mind essential to the crime." The error was harmless because there was already in the record testimony as to the effect of alcohol on persons with Vara's type of injury, *i.e.*, they are "exquisitely sensitive to the effects of alcohol and may perform violent acts under such influence." The doctor testified he could not say alcohol would have such an effect on Vara or that it did negate the specific intention to commit the alleged murder.

In our judgment, it is highly unlikely the evidence produced at the hearing, if repeated at a new trial, would bring about an acquittal or a conviction of a lesser degree of crime. We see no miscarriage of justice in the conviction of Vara; hence, there is no ground for a new

pacity either to appreciate the wrongfulness of his conduct or conform his conduct to the requirements of law.

"(2) As used in this chapter, the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.

"(3) Mental disease or defect excluding responsibility is an affirmative defense which the defendant must establish to a reasonable certainty by the greater weight of the credible evidence."

trial in the interest of justice. *Zebrowski v. State* (1971), 50 Wis. 2d 715, 185 N. W. 2d 545; *Berg v. State* (1969), 41 Wis. 2d 729, 165 N. W. 2d 189; *Commodore v. State* (1967), 33 Wis. 2d 373, 147 N. W. 2d 283; *Ferry v. State* (1954), 266 Wis. 508, 63 N. W. 2d 741.

*By the Court.*—Order affirmed.