PER CURIAM.
¶ 1 Nikolas S. Czysz appeals pro se from an order denying his motion for postconviction relief. He contends that the circuit court erred in denying his motion without a hearing. He further contends that he is entitled to a new trial in the interest of justice. We disagree and affirm.
¶ 2 In 2009, Czysz was convicted following a jury trial of two counts of first-degree intentional homicide by use of a dangerous weapon. The circuit court imposed concurrent life sentences, with eligibility for extended supervision after forty-five years.
¶ 3 This court affirmed Czysz's convictions in 2011. State v. Czysz , No. 2010AP2804-CR, unpublished slip op. (WI App Dec. 1, 2011). In doing so, we rejected an argument that the circuit court erred when it dismissed a juror on the fourth day of trial.
¶ 4 Several years later, Czysz-represented by retained counsel-filed a motion for postconviction relief pursuant to WIS. STAT. § 974.06 (2015-16).[1] In it, he raised various claims of ineffective assistance of counsel. After a hearing on the matter, the circuit court denied the motion. This court affirmed that denial. State v. Czysz , No. 2014AP2706, unpublished slip op. (WI App Feb. 10, 2016).
¶ 5 In 2017, Czysz-now pro se-filed a second WIS. STAT. § 974.06 motion for relief along with two pleadings.[2] The motion contained the following new claims: (1) law enforcement subjected Czysz to an improper "show-up" identification; (2) prosecution eyewitnesses made prior statements inconsistent with their trial testimony; (3) the circuit court erred by failing to dismiss a juror based on alleged misconduct; (4) trial counsel was ineffective for failing to present evidence that a third party named Horst Urbainski, a man who lived near the scene of the homicides, committed the crimes; alternatively, trial counsel was ineffective for failing to offer Urbainski as a witness; (5) the circuit court erred by denying Czysz's earlier motion for DNA testing of physical evidence; and (6) Czysz deserved a new trial on the basis of the newly discovered evidence concerning Urbainski. The circuit court denied the motion without a hearing. This appeal follows.[3]
¶ 6 On appeal, Czysz first contends that the circuit court erred in denying his motion without a hearing. He renews the claims made in the motion and asks this court to either grant a hearing or vacate his convictions and order a new trial.
¶ 7 To be entitled to a hearing on a postconviction motion, a defendant must allege "sufficient material facts that, if true, would entitle the defendant to relief." State v. Allen , 2004 WI 106, ¶ 9, 274 Wis. 2d 568, 682 N.W.2d 433. This is a legal question, which we review de novo. Id. If the motion alleges sufficient facts, a hearing is required. Id. If the motion is insufficient, if it presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court may exercise its discretion in deciding whether to grant a hearing. Id. We review "discretionary decisions under the deferential erroneous exercise of discretion standard." Id.
¶ 8 Here, we are not persuaded that Czysz was entitled to a hearing on the first five claims of his postconviction motion. That is because his motion did not allege sufficient material facts that, if true, would have entitled him to relief.
¶ 9 Czysz's first new claim-that law enforcement subjected him to an improper "show-up" identification-consisted of a single, conclusory paragraph unsupported by citation to legal and record authority. The motion did not specify where and when the identification occurred or detail the participants involved. Likewise, it did not explain what steps Czysz's trial counsel took to suppress the identification or why these efforts failed to protect Czysz's rights.[4]
¶ 10 Czysz's second new claim-that prosecution eyewitnesses made prior statements inconsistent with their trial testimony-also consisted of a single, conclusory paragraph unsupported by citation to legal and record authority. The motion did not identify the witnesses involved. Additionally, it did not explain how Czysz's trial counsel could have used the statements or why they would have made a difference at trial.
¶ 11 Czysz's third new claim-that the circuit court erred by failing to dismiss a juror based on alleged misconduct-suffered from similar pleading deficiencies. The motion did not identify with specificity when the error occurred. It also did not explain how the alleged misconduct came to the court's attention, if at all, and what the court and trial counsel did or did not do about it.
¶ 12 Czysz's fourth new claim-that trial counsel was ineffective for failing to present evidence that Urbainski committed the crimes or for failing to offer Urbainski as a witness-fared no better. To begin, the motion failed to show a "legitimate tendency" that Urbainski committed the crimes. State v. Denny , 120 Wis. 2d 614, 623, 357 N.W.2d 12 (Ct. App. 1984). Instead, it relied largely upon speculation, particularly when attempting to explain how Urbainski had a plausible reason to commit the crimes. Moreover, the motion failed to explain why, given the defense's inability to locate Urbainski before trial,[5] he would have been available to the defense in any capacity and what he would have said in his testimony.
¶ 13 Finally, Czysz's fifth new claim-that the circuit court erred by denying his earlier motion for DNA testing of physical evidence-consisted of two conclusory paragraphs unsupported by citation to legal and record authority. The motion did not explain how the earlier motion for testing satisfied the applicable statutory requirements or why Czysz did not appeal the court's adverse ruling. Likewise, the motion did not explain how and why such testing would have affected the jury's findings of guilt.
¶ 14 We are also not persuaded that Czysz was entitled to a hearing on the sixth claim of his postconviction motion-that he deserved a new trial on the basis of the newly discovered evidence concerning Urbainski. That is because the record conclusively demonstrated that Czysz was not entitled to relief.
¶ 15 A defendant seeking a new trial on the basis of newly discovered evidence must establish, among other things, that the evidence was discovered after conviction. State v. Plude , 2008 WI 58, ¶ 32, 310 Wis. 2d 28, 750 N.W.2d 42. Czysz did not meet this basic requirement here. In his postconviction motion, Czysz acknowledged that information regarding Urbainski was known to the defense prior to trial. A belated appreciation of the significance of previously known information is not newly discovered evidence. See Vara v. State , 56 Wis. 2d 390, 394, 202 N.W.2d 10 (1972).
¶ 16 Czysz next contends that he is entitled to a new trial in the interest of justice. He asks for this relief pursuant to WIS. STAT. § 752.35, which allows this court to reverse a judgment "if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried."
¶ 17 We exercise our discretionary power to grant a new trial infrequently and judiciously. State v. Ray , 166 Wis. 2d 855, 874, 481 N.W.2d 288 (Ct. App. 1992). We have already determined that no error occurred as to the circuit court's denial of Czysz's postconviction motion without a hearing. We are not convinced that the real controversy was not fully tried or that justice miscarried. As a result, we decline to order a new trial pursuant to WIS. STAT. § 752.35.
¶ 18 For these reasons, we affirm.[6]
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version.

The pleadings were a motion to suppress identification evidence and a notice of alibi. The circuit court summarily denied those pleadings when it disposed of the Wis. Stat. § 974.06 motion. We conclude this was proper as (1) the pleadings were untimely and (2) they did not state a basis for relief available to Czysz.

Although Czysz's appeal is arguably barred on procedural grounds by State v. Escalona-Naranjo , 185 Wis. 2d 168, 517 N.W.2d 157 (1994), we will nonetheless address it on the merits.

In denying the postconviction motion, the circuit court noted that Czysz's trial counsel had briefed and argued a motion to suppress the identification prior to trial.

According to the postconviction motion, Czysz's trial counsel did hire a private investigator who was unable to locate Urbainski.

To the extent we have not addressed any other argument raised by Czysz on appeal, the argument is deemed rejected. See State v. Waste Mgmt. of Wis., Inc. , 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).