PER CURIAM.
¶1 John Bullock appeals an order that denied, without a hearing, his companion motions for postconviction discovery and for other postconviction relief. Upon our independent review of the record, we conclude the allegations in each of the motions are insufficient to warrant a hearing. We therefore affirm.
BACKGROUND
¶2 This is the second appeal arising from Bullock's 2011 conviction for two counts of first-degree sexual assault. A lengthy recitation of all the evidence presented at Bullock's trial or of all of the claims raised in his prior direct appeal, is not necessary. For the purposes of the present appeal, we need only observe that the evidence presented at Bullock's trial included the testimony and reports of two sexual assault nurse examiners (SANE), both of whom opined that the victim's injuries-including multiple bruises, vaginal tearing, and internal abrasions and tenderness-were consistent with her account of the sexual assaults. The State also introduced photographs of the victim's injuries taken by police and the results of DNA testing on several swabs taken from the victim and a snake that the victim believed had been used to penetrate her during the assault.
¶3 In 2014, following the affirmance of his conviction on direct appeal, Bullock filed a pro se motion pursuant to WIS. STAT . § 974.06 (2017-18),[1] raising several claims of ineffective assistance of his trial counsel. The circuit court denied the motion on the ground that the claims were procedurally barred.
¶4 In 2018, Bullock filed two additional postconviction motions with the assistance of counsel. In one of these motions, Bullock sought to have "previously untested items of evidence" submitted to Bullock's expert for analysis. In the other motion, Bullock sought a new trial based upon two new allegations of ineffective assistance of his trial counsel and one claim of newly discovered evidence. In the alternative, Bullock sought resentencing based upon the same alleged facts underlying his claim of newly discovered evidence. The circuit court denied both of these motions without a hearing and without providing any explanation of the reasons for its decision. Bullock appeals the circuit court's order, contending that the court failed to demonstrate a proper exercise of discretion and that he was entitled to a hearing on the motions.
DISCUSSION
¶5 In order to obtain a hearing on a postconviction motion, a defendant must allege material facts sufficient to warrant the relief sought. State v. Allen , 2004 WI 106, ¶¶9, 36, 274 Wis. 2d 568, 682 N.W.2d 433. No hearing is required when the defendant presents only conclusory allegations or when the record conclusively demonstrates that he or she is not entitled to relief. Nelson v. State , 54 Wis. 2d 489, 497-98, 195 N.W.2d 629 (1972). Nonconclusory allegations should present the "who, what, where, when, why, and how" with sufficient particularity for the court to meaningfully assess the claim. Allen , 274 Wis. 2d 568, ¶23.
¶6 Where, as here, the circuit court has failed to articulate the reasoning for its decision, this court will independently review the record to determine whether there is any reasonable basis to uphold the decision. State v. Davidson , 2000 WI 91, ¶53, 236 Wis. 2d 537, 613 N.W.2d 606. In addition, whether a defendant is procedurally barred from filing a successive postconviction motion is a question of law subject to de novo review. State v. Romero-Georgana , 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.
A. Motion for Postconviction Discovery
¶7 Bullock's motion for postconviction discovery alleged that the State "has in its possession reports, photos, video, or results of testing done by the sexual assault nurse examiner." Bullock stated that he wanted to have another expert "review the evidence that was used at trial and determine whether or not the testimony by the SANE nurse at trial was consistent with the evidence." He claimed that such "scientific testing" was authorized by WIS. STAT . § 971.23(5) and State v. O'Brien , 223 Wis. 2d 303, 588 N.W.2d 8 (1999). For multiple reasons, this motion failed to allege facts sufficient to warrant the relief sought.
¶8 As an initial matter, WIS. STAT . § 971.23(5) is inapplicable, both because it applies to pretrial proceedings and because it refers to "scientific testing" of physical evidence. An expert's review of photographs and medical records does not constitute "scientific testing."
¶9 Under O'Brien , a defendant has a due process right to postconviction discovery of materials "when the sought-after evidence is relevant to an issue of consequence," such that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." O'Brien , 223 Wis. 2d at 320-21. However, the State's obligation to disclose postconviction evidence is still limited to exculpatory evidence within its possession, custody or control. State v. Kletzien , 2008 WI App 182, ¶17, 314 Wis. 2d 750, 762 N.W.2d 788. Moreover, a defendant is not entitled to a postconviction hearing to conduct a fishing expedition exploring the possibility that favorable evidence might exist, when there is no factual background to support that theory. Id. , ¶¶19-20.
¶10 Bullock's motion fails to provide any factual basis to believe there are any reports, photos, video or results of testing within the possession of the State that were not already turned over to the defense. For instance, neither nurse testified that she took or reviewed any photographs or videos during her examination, and none of the medical reports make reference to any photographs or videos. Nor has Bullock presented a statement from the prosecutor or any of the police that there were any additional photographs of the victim taken by the police that were not introduced at trial. Similarly, there was no mention by either of the nurses or the crime laboratory technician that any swabs were taken but not submitted for testing and included in the crime laboratory report. We further note that the record includes Bullock's pretrial demand for discovery of the same such items, and there is no follow-up motion prior to trial to suggest any noncompliance by the State.
¶11 Moreover, the postconviction discovery motion expressly states that Bullock is seeking to have his own expert analyze "the evidence used at trial," which our own review confirms is readily available in the circuit court record. Bullock does not need the circuit court's permission to have his own expert reexamine the testimony, photographs, medical records and laboratory results introduced at trial. Therefore, the court properly denied Bullock's motion for postconviction discovery without a hearing.
B. Motion for a New Trial or Resentencing
1. Ineffective Assistance of Counsel
¶12 Bullock's motion for a new trial-which was his second motion seeking postconviction relief pursuant to WIS. STAT . § 974.06 -included two claims of ineffective assistance of his trial counsel. No claim that could have been raised in a previously filed postconviction motion or direct appeal can be the basis for a subsequent § 974.06 motion unless the circuit court finds there was sufficient reason for failing to raise the claim in the earlier proceeding. Sec. 974.06(4) ; State v. Escalona-Naranjo , 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994).
¶13 In the circuit court, Bullock asserted that the reason he had not raised his current claims of ineffective assistance of trial counsel on either his direct appeal or in his prior postconviction motion under WIS. STAT . § 974.06 was the ineffective assistance of his appellate or postconviction counsel. However, Bullock was not represented by counsel on his prior § 974.06 motion. Bullock's additional assertion-i.e., that he had no strategic or logical reason to delay bringing his current claims-in no way explains why he did delay bringing them. To the contrary, his assertion weighs against a finding of a sufficient reason for Bullock's failure to consolidate his claims. Therefore, we conclude Bullock has not alleged a sufficient factual basis to excuse his failure to previously raise his current claims of ineffective assistance of trial counsel. The circuit court could properly deny these claims without a hearing because they are procedurally barred.
2. Newly Discovered Evidence
¶14 Bullock's motion for a new trial also included a claim of newly discovered evidence. The test to determine whether newly discovered evidence warrants a new trial has five factors: (1) the evidence must have been discovered after the trial; (2) the moving party must not have been negligent in seeking to discover it; (3) the evidence must be material to an issue; (4) the testimony must not merely be cumulative to the testimony that was introduced at trial; and (5) it must be reasonably probable that a different result would be reached at a new trial. State v. Coogan , 154 Wis. 2d 387, 394-95, 453 N.W.2d 186 (Ct. App. 1990).
¶15 Bullock alleged that a future evaluation of the SANE reports and testimony produced at trial by his own expert would constitute newly discovered evidence. Aside from the fact that the claim was premature because Bullock did not yet have any new expert opinion to offer, a new expert opinion based upon facts available at the time of trial does not constitute newly discovered evidence as a matter of law. Vara v. State , 56 Wis. 2d 390, 394, 202 N.W.2d 10 (1972). Rather, it represents a new appreciation of the significance of evidence previously known but not used. Id. Therefore, the circuit court could properly deny this claim without a hearing based on the inadequacy of Bullock's pleadings.
3. New Sentencing Factor
¶16 Finally, Bullock's motion for a new trial included an alternative request for resentencing based upon a future evaluation by his own expert of the SANE reports and testimony produced at trial. Bullock asserted that the evaluation would constitute a new sentencing factor.
¶17 A new sentencing factor is a fact or set of facts highly relevant to the imposition of sentence but not known to the circuit court at the time of sentencing, either because the fact was not then in existence or because it was unknowingly overlooked by all of the parties. Rosado v. State , 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975). Aside from this claim again being premature, the new expert opinion sought by Bullock-which he contends could be used to prove his innocence-would not be relevant to his sentence because the court could not disregard the jury's verdict that Bullock was guilty. Therefore, the circuit court could properly deny this claim without a hearing based on Bullock's pleadings being inadequate.
By the Court.- Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.